J-A31033-14

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| NATHAN DANIEL STEIMLING | |
| Appellant | No. 636 MDA 2014 |

Appeal from the Judgment of Sentence entered January 15, 2014
In the Court of Common Pleas of Columbia/Montour Counties
Columbia County Criminal Division at No: CP-19-CR-0000820-2012

BEFORE:  BOWES, OTT, and STABILE, JJ.

MEMORANDUM BY STABILE, J.:                    **FILED FEBRUARY 24, 2015**

Appellant, Nathan Daniel Steimling, appeals from the judgment of sentence the Court of Common Pleas of Columbia/Montour Counties entered January 15, 2014.  On appeal, Appellant raises two sentencing issues.  Specifically, Appellant argues the trial court failed to account for mitigating factors and did not credit time served.  For the reasons stated below, we affirm.

The trial court summarized the relevant factual and procedural background as follows:

> [Appellant] was charged with a number of offenses arising out of the drug-related death of Trichelle Grove on July 20, 2012, in Columbia County.  As a result of plea agreement, he entered pleas of guilty to the charges of [p]ossession with [i]ntent to [d]eliver . . . , an ungraded felony, and [i]nvoluntary [m]anslaughter . . . , a misdemeanor of the first degree.  The

plea agreement specifically provided for a "sentence to be in the standard range of sentencing guidelines".

[Appellant] was sentenced on the charge of [p]ossession with [i]ntent to [d]eliver to a period of incarceration of not less than 27 months nor more than 54 to be consecutive to a sentence he was presently serving imposed by the Court of Common Pleas of Snyder County. He was sentenced on the charge of [i]nvoluntary [m]anslaughter to a period of incarceration of not less than 27 months nor more than 54 months to be consecutive to the sentence imposed on the [p]ossession

Both sentences were within the standard range guidelines.

When imposing the sentences, the court relied on a pre-sentence investigation [report] and stated the reasons for sentence on the record. Nothing more need be said.

Trial Court Opinion, 5/5/14, at 1-2 (footnote omitted).

The trial court denied Appellant's post-sentence motion for reconsideration of sentence. This appeal followed.

On appeal, Appellant raises the following claims:

A. Whether the trial court erred in its sentence by failing to consider mitigating factors and sentencing [Appellant] to the high end of the standard range.

B. Whether the trial court erred in denying the Appellant's credit time.

Appellant's Brief at 6.

In his first contention, Appellant argues the trial court abused its discretion in fashioning his sentence because it failed to acknowledge or consider, *inter alia*, Appellant's: (1) sincere and genuine remorse; (2) ability to appreciate wrongfulness of conduct; (3) low likelihood of re-offending; (4) lack of prior violent criminal history; (5) involvement in programs—

presumably while incarcerated; and (6) involvement in peer education along with obtaining his GED and attending college classes since the accident.

It is well-settled that

[c]hallenges to the discretionary aspects of sentencing do not entitle an appellant to review as of right. **Commonwealth v. Sierra**, 752 A.2d 910, 912 (Pa. Super. 2000). An appellant challenging the discretionary aspects of his sentence must invoke this Court's jurisdiction by satisfying a four-part test:

> [W]e conduct a four-part analysis to determine: (1) whether appellant has filed a timely notice of appeal, *see* Pa.R.A.P. 902 and 903; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence, *see* Pa.R.Crim.P. [720]; (3) whether appellant's brief has a fatal defect, Pa.R.A.P. 2119(f); and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code, 42 Pa.C.S.A. § 9781(b).

**Commonwealth v. Evans**, 901 A.2d 528, 533 (Pa. Super. 2006), *appeal denied,* 589 Pa. 727, 909 A.2d 303 (2006) (internal citations omitted). Objections to the discretionary aspects of a sentence are generally waived if they are not raised at the sentencing hearing or in a motion to modify the sentence imposed. **Commonwealth v. Mann**, 820 A.2d 788, 794 (Pa. Super. 2003), *appeal denied,* 574 Pa. 759, 831 A.2d 599 (2003).

The determination of what constitutes a substantial question must be evaluated on a case-by-case basis. **Commonwealth v. Paul**, 925 A.2d 825, 828 (Pa. Super. 2007). A substantial question exists "only when the appellant advances a colorable argument that the sentencing judge's actions were either: (1) inconsistent with a specific provision of the Sentencing Code; or (2) contrary to the fundamental norms which underlie the sentencing process." **Sierra**, *supra* at 912-13.

As to what constitutes a substantial question, this Court does not accept bald assertions of sentencing errors. **Commonwealth v. Malovich**, 903 A.2d 1247, 1252 (Pa. Super. 2006). An

appellant must articulate the reasons the sentencing court's actions violated the sentencing code. *Id.*

*Commonwealth v. Moury*, 992 A.2d 162, 170 (Pa. Super. 2010).

Assuming, but not deciding, all other requirements were met, Appellant fails to raise a substantial question for our review. It is well-settled that

[a]n allegation that the sentencing court failed to consider certain mitigating factors generally does not necessarily raise a substantial question. *Commonwealth v. McNabb*, 819 A.2d 54, 57 (Pa. Super. 2003). *Accord Commonwealth v. Wellor*, 731 A.2d 152, 155 (Pa. Super. 1999) (reiterating allegation that sentencing court "failed to consider" or "did not adequately consider" certain factors generally does not raise substantial question)." *Compare Commonwealth v. Felmlee*, 828 A.2d 1105, 1107 (Pa. Super. 2003) (*en banc*) (stating substantial question is raised, however, where appellant alleges sentencing court imposed sentence in aggravated range without adequately considering mitigating circumstances).

"When imposing a sentence, a court is required to consider the particular circumstances of the offense and the character of the defendant." *Commonwealth v. Griffin*, 804 A.2d 1, 10 (Pa. Super. 2002), *appeal denied,* 582 Pa. 671, 868 A.2d 1198 (2005), *cert. denied,* 545 U.S. 1148, 125 S.Ct. 2984, 162 L.Ed.2d 902 (2005). "In particular, the court should refer to the defendant's prior criminal record, his age, personal characteristics and his potential for rehabilitation." *Id.* Where the sentencing court had the benefit of a presentence investigation report ("PSI"), we can assume the sentencing court "was aware of relevant information regarding the defendant's character and weighed those considerations along with mitigating statutory factors." *Commonwealth v. Devers,* 519 Pa. 88, 101-02, 546 A.2d 12, 18 (1988). *See also Commonwealth v. Tirado*, 870 A.2d 362, 368 (Pa. Super. 2005) (stating if sentencing court has benefit of PSI, law expects court was aware of relevant information regarding defendant's character and weighed those considerations along with any mitigating factors). Further, where a sentence is within the standard range of the guidelines, Pennsylvania law views the

- 4 -

> sentence as appropriate under the Sentencing Code. ***See Commonwealth v. Cruz-Centeno***, 447 Pa. Super. 98, 668 A.2d 536 (1995), *appeal denied,* 544 Pa. 653, 676 A.2d 1195 (1996) (stating combination of PSI and standard range sentence, absent more, cannot be considered excessive or unreasonable).

***Id.*** at 171.

Here, as noted, the trial court sentenced Appellant to the high end of the **standard range** of the sentencing guidelines, after reviewing and considering, among other things, a pre-sentence investigation report, Appellant's own testimony, and counsel's argument. "That the court refused to weigh the proposed mitigating factors as Appellant wished, absent more, does not raise a substantial question." ***Moury***, 992 A.2d at 175. Thus, we conclude Appellant failed to raise a substantial question for our review.[1]

---

[1] In passing, in the text of the argument section, Appellant also argues the trial court "failed to state adequate reasons for imposing and sentencing him to the statutory maximum." Appellant's Brief at 14.

Failure to state adequate reasons for imposing the sentence was not raised as a claim in the questions for our review or fairly suggested in it, and it was not raised in the motion for reconsideration. As such, the claim is waived. ***See***, ***e.g.***, ***Commonwealth v. Freeland***, --- A.3d ----, 2014 WL 6982658, *7 (Pa. Super. 2014); ***Commonwealth v. Bullock***, 948 A.2d 818, 826 (Pa. Super. 2008). At any rate, as noted, the record belies this bald allegation. The trial court explained its reasons on the record. Upon consideration of the Appellant's pre-sentence investigation report, Appellant's testimony, and his counsel's argument, the trial court reasoned that "[a]ny lesser sentence, in the [c]ourt's opinion, would depreciate the seriousness of [Appellant]'s conduct in this matter . . . . In addition, the sentence complies with the plea agreement, the sentence contemplated by the parties' plea agreement." N.T., 1/15/14, at 21.

*(Footnote Continued Next Page)*

Regarding the second issue, Appellant claims he did not receive any credit for the time served on this matter. ***See*** Appellant's Concise Statement of Matters [sic] Complained of on Appeal, 4/28/14, at 2. A closer examination reveals Appellant is apparently asking this Court to grant credit in the instant matter for time served on other matters or time already credited. To the extent Appellant's contention involves time served on this matter, the record before us is devoid of any support for this contention.[2]

Appellant argues that the trial court should have credited him for time he served on this matter, namely 455 days from July 25, 2012 (date apparently the Parole Board lodged a detainer while on parole on previous state sentences) through January 15, 2014 (date of his sentencing on this matter).

*(Footnote Continued)* ─────────────

Appellant also misapprehended the terms of his sentence. Appellant was sentenced within the standard range of the sentencing guidelines, not to the statutory maximum. Thus, Appellant's argument is misplaced. At any rate, even if he had been sentenced to the statutory maximum, that alone, does not raise a substantial question for our review. ***Commonwealth v. Yeomans***, 24 A.3d 1044, 1049-50 (Pa. Super. 2011).

[2] We note the Commonwealth attached Appellant's pre-sentence investigation report to its brief, as an addition to be part of the original record (as a supplement). It should be noted that pursuant to Pa.R.Crim.P. 703 a pre-sentence investigation report is "confidential, and not of public record," which is available only to the authorities or the individuals listed therein. ***See*** Pa.R.Crim.P. 703. Accordingly, the Columbia County Prothonotary and the Commonwealth should have taken steps and should act to preserve the confidential nature of the pre-sentence investigation report by sealing it or taking reasonable steps to prevent unauthorized access to it.

Here the record shows: (1) the sentences imposed run consecutive to each other and consecutively to any other sentence he was serving at the time of sentencing on this matter, which included parole violation of state sentences and a pending sentence by the Snyder County Court of Common Pleas; (2) Appellant received 12 days credit on the state parole violations (July 25, 2012 through August 6, 2012); (3) Appellant received 282 days credit (August 6, 2012 through May 14, 2013) for pre-sentence incarceration on the Snyder County sentence; (4) the Snyder County Court of Common Pleas sentenced Appellant on May 14, 2013 to one to three years' incarceration; and (5) at the time of sentencing on this matter, Appellant was serving his Snyder County sentence. Therefore, Appellant received credit for time served, and Appellant failed to provide any authority for the proposition he is entitled for time already credited. To the contrary, this Court held that "a defendant is not entitled to receive credit against more than one sentence for the same time served. We have acknowledged that such 'double credit' is prohibited both by the statutory language of [42 Pa.C.S.A. § 9760] and by the principle that a defendant be given credit only for time spent in custody . . . for a particular offense." *Commonwealth v. Ellsworth*, 97 A.3d 1255, 1257 (Pa. Super. 2014) (internal citations, quotation marks, and alterations omitted). Except for a broad allegation of error, Appellant provides no authority or points to anything in the record to

support his claim. Accordingly, we conclude the time served credit issue is without merit and the trial court did not err in this regard.[3]

Judgment of sentence affirmed.

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary

Date: 2/24/2015

_____

[3] It should be noted the trial court did not specifically address this issue despite the fact Appellant raised it at the time of sentencing and in his statement of errors.