2014 PA Super 167

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | : | |
| v. | : | |
| JAMES JOSEPH ELLSWORTH, | : | |
| Appellant | : | No. 480 WDA 2014 |

Appeal from the Order entered February 27, 2014,
in the Court of Common Pleas of Erie County,
Criminal Division, at No(s): CP-25-CR-0000659-2010

BEFORE:  FORD ELLIOTT, P.J.E., SHOGAN, and ALLEN, JJ.

OPINION BY ALLEN, J.:                                    **FILED AUGUST 12, 2014**

James Joseph Ellsworth ("Appellant") appeals *pro se* from the order denying him credit for time served.  The trial court's order specifies that Appellant "was afforded credit for that time after revocation at [a different docket].  As such, [Appellant] is not entitled to double credit."  Order, 2/27/14.

The trial court explained:

> [A]ppellant pled guilty to burglary on July 2, 2010 at Docket 569 - 2010.  On September 22, 2010, he was sentenced to serve a period of incarceration of 2½ to 60 months.  At that time he was given credit for 312 days. [A]ppellant did not file a post-sentencing motion, nor did he take a direct appeal.  On February 27, 2014, this Court received a letter from the Commonwealth of Pennsylvania Department of Corrections, a copy of which is attached.  At that time the Department of Corrections advised this Court that it had awarded backtime credit for the period of March 12, 2010 to October 18, 2010 for a

state parole revocation at Docket 2634 – 2006. As such, it was inquiring of this Court whether double credit should be applied, which is not authorized. See, 42 Pa.C.S.A. § 9760.

As has been the Department of Corrections policy for some time, it requested that this Court issue an order if it did not want [A]ppellant to obtain duplicate credit. After its review, this Court agreed and issued the February 27, 2014 Order.

Trial Court Memorandum Opinion, 4/10/14, at 1.

Within Appellant's *pro se* brief, he challenges the trial court's denial of credit for time served. Appellant contends that the trial court "lacked inherent authority under 42 Pa.C.S.A. § 5505 ... thereby changing [Appellant's] sentence." Appellant's Brief at 2 (unnumbered). The Commonwealth counters that Appellant is not entitled to relief because "a defendant who is already serving a sentence at the time of sentencing on new charges is not entitled to time credit." Commonwealth Brief at 1. The Commonwealth additionally avers that it "rests on the conclusions made by the lower court in its Memorandum Opinion, dated April 10, 2014, in which it relied upon *Commonwealth v. Lloyd*, 509 A.2d 868, 872 (Pa. Super. 1986)."

The trial court stated:

Pursuant to [42 Pa.C.S.A. § 9760], [A]ppellant is not entitled to duplicate credit for time spent in custody. See, *Commonwealth v. Lloyd*, 509 A.2d 868, 872 (Pa. Super. 1986). Moreover, a trial court always has the ability to correct an illegal sentence. In this case, awarding [A]ppellant credit to which he is not entitled would violate § 9760. As credit issues can relate to the legality of a sentence, this Court acted within its authority when it issued the February 27, 2014 Order. Finally, the [A]ppellant has not suffered any harm as he cannot claim a right to credit to which he is not entitled.

Trial Court Memorandum Opinion, 4/10/14, at 2.

Appellant relies upon 42 Pa.C.S.A. § 5505, which provides for modification of orders as follows:

> Except as otherwise provided or prescribed by law, a court upon notice to the parties may modify or rescind any order within 30 days after its entry, notwithstanding the prior termination of any term of court, if no appeal from such order has been taken or allowed.

However, "patent or obvious mistakes" in an order may be modified beyond the thirty-day modification period. *Jones v. Department of Corrections*, 683 A.2d 340, 342 (Pa. Cmwlth. 1996) (citation omitted). An alleged error must qualify as a clear clerical error or a patent and obvious mistake in order to be amenable to correction. *Commonwealth v. Borrin*, 12 A.3d 466, 473 (Pa. Super. 2011).

Here, we conclude that the duplicative imposition of credit for time served constituted a patent and obvious mistake that was amenable to correction. This Court has held that a defendant is not entitled to "receiv[e] credit against more than one sentence for the same time served." *Commonwealth v. Merigris*, 681 A.2d 194, 195 (Pa. Super. 1996). We have acknowledged that such "double credit" is prohibited both by the statutory language of Section 9760 and by the principle that a defendant be given credit only for "time spent in custody . . . for a particular offense." *Commonwealth v. Hollawell*, 604 A.2d at 723, 725 (Pa. Super. 1992). Finally, it is noteworthy that the Department of Corrections, an executive

- 3 -

agency, has no power to change sentences, or to add or remove sentencing conditions, including credit for time served; this power is vested with the sentencing court. ***Commonwealth v. Mann***, 957 A.2d 746 (Pa. Super. 2008).

Given the foregoing, we expressly hold that the duplicative imposition of credit for time served constitutes a patent and obvious mistake that is amenable to correction after the thirty-day period prescribed in 42 Pa.C.S.A. § 5505. We agree with the Commonwealth and the trial court that the February 27, 2014 order denying Appellant credit for time served was proper. Accordingly, we affirm the trial court's order.

Order affirmed.


Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 8/12/2014