J-S76023-14

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| DAMIEN DUVELL SPEED | |
| Appellant | No. 961 WDA 2014 |

Appeal from the Judgment of Sentence May 15, 2014
In the Court of Common Pleas of Erie County
Criminal Division at No(s): CP-25-CR-0002979-2013

BEFORE:  FORD ELLIOTT, P.J.E., PANELLA, J., and OLSON, J.

MEMORANDUM BY PANELLA, J.                **FILED FEBRUARY 06, 2015**

Appellant, Damien Duvell Speed, appeals from the judgment of sentence entered May 15, 2014, in the Court of Common Pleas of Erie County.  On appeal, Speed argues that the trial court erred when it denied his post-sentence motion for credit for time served, choosing instead to defer awarding any credit until after the Pennsylvania Board of Probation and Parole ("the Board") made a determination regarding the revocation of Speed's probation.  After careful review, we find the trial court erred when it deferred the application of credit for time served until after disposition of revocation by the Board. Accordingly, we vacate Speed's judgment of sentence and remand for resentencing.

We briefly summarize the history of this case as follows.  On March 20, 2014, a jury convicted Speed of possession of heroin and possession of drug

paraphernalia.[1]  On May 15, 2014, the trial court sentenced Speed to 12 to 24 months' incarceration.  At the time of the commission of these crimes, Speed was on state probation for previous drug and firearms offenses. Speed filed a post-sentence motion *nunc pro tunc* requesting that the trial court award credit for time served, which the trial court denied.

On appeal, Speed challenges the trial court's denial of credit for time served. This issue raises a challenge to the legality of a sentence.  ***See Commonwealth v. Johnson***, 967 A.2d 1001, 1003 (Pa. Super. 2009).  The application of credit for time served is governed by 42 Pa.C.SA. § 9760, which states in part the following:

> (1) Credit against the maximum term and any minimum term shall be given to the defendant for all time spent in custody as a result of the criminal charge for which a prison sentence is imposed or as a result of the conduct on which such a charge is based. Credit shall include credit for time spent in custody prior to trial, during trial, pending sentence, and pending the resolution of an appeal.

42 Pa.C.S.A. § 9760(1).  "[I]t is noteworthy that the Department of Corrections, an executive agency, has no power to change sentences, or to add or remove sentencing conditions, including credit for time served; this power is vested with the sentencing court." ***Commonwealth v. Ellsworth***, 97 A.3d 1255, 1257 (Pa. Super. 2014) (citation omitted).

_____

[1] 35 Pa.C.S.A. §§ 780-113(a)(16) and (32).

It is undisputed that Speed is entitled to credit for time served. The trial court explained its reasons for denying Speed's motion as follows:

> Over the last year, this [c]ourt has experienced a number of situations where it has afforded defendants credit for time served at sentencing, only to be later notified by the Board that after revocation it afforded the defendant the same credit. (Because most revocations occur subsequent to sentencing, this [c]ourt is not in a position to determine at sentencing what the Board will do with respect to credit.) The Board then advised this [c]ourt that unless it wanted to afford duplicate credit, it had to issue an order amending the original sentence subtracting from its order any time awarded by the Board. This created additional work for the trial court. In an attempt to eliminate the extra step of modifying sentencing orders, this [c]ourt advised the Erie County Adult Probation Department to contact state parole agents prior to sentencing to determine on a case-by-case basis whether the defendant would be obtaining credit in the event of a revocation. This did not totally resolve the issue. Therefore, this [c]ourt adopted the policy of deferring the issue of credit in some cases until the Board has acted on the revocation. It is this policy that is at issue in this appeal.

Trial Court Opinion, 6/26/14 at 3.

For guidance on the appropriate procedure for the application of credit for time served, we turn to this Court's decision in **Commonwealth v. Mann**, 957 A.2d 746 (Pa. Super. 2008). In **Mann**, a panel of this Court held that "because the Board is without jurisdiction to apply credit when it is omitted from a sentencing order, the sentencing court must include credit for time served *in the order imposing sentence for an appellant's new offenses*." **Mann**, 957 A.2d at 748 (emphasis added). The panel explained that:

> While no single case offers a specific, unified, time-served credit application schema, we read [**Gaito v. Pa. Bd. of**

> ***Probation & Parole***, 412 A.2d 568 (Pa. 1980)], [***Martin v. Pa. Bd. Of Probation & Parole***, 840 A.2d 299 (Pa. 2003)], and [***McCray v. Pa. Dept. of Corrections***, 872 A.2d 1127 (Pa. 2005)] together as providing a resolution to the questions of where time-served credits are to be applied and by which adjudicatory body: all time served by a parole violator while awaiting disposition on new charges must be credited to the original sentence if he or she remains in custody solely on a Board detainer. ***Gaito***, ***supra***. If the defendant is incarcerated prior to disposition, and has both a detainer and has failed for any reason to satisfy bail, the credit must be applied to the new sentence by the sentencing court. ***See Id***.; ***see Martin***, ***supra***. In this circumstance, the credit must be applied by the trial court as a sentencing condition, as the Board and the Commonwealth Court have no jurisdiction to alter sentencing conditions on later review. ***See McCray***. If the new sentence is shorter than the time served, the balance can be applied to the original sentence, *see **Martin**, **supra***, but the sentencing court must specify "time served" in the sentencing order for the new offense, so that the Board will be able to apply the credit. ***See McCray***.

***Id***. at 751.

Here, Speed was incarcerated on new charges prior to the Board's disposition of any possible probation revocation. In such a circumstance, the decision in ***Mann*** clearly dictates that any credit "must be applied to the new sentence by the sentencing court[,]" as the Board is without the authority to impose credit for time served when it is omitted from the sentencing order. ***Id***. Accordingly, we find the trial court's decision to defer application of credit until *after* disposition by the Board was in error. ***See id***.; ***see Ellsworth***, ***supra***. Therefore, we vacate Speed's judgment of sentence and remand for resentencing with consideration of credit for time served.

Judgment of sentence vacated. Case remanded for resentencing consistent with this memorandum. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: February 6, 2015