J-S53035-14

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| RONALD JAMES BAILEY, | |
| Appellant | No. 380 WDA 2014 |

Appeal from the Judgment of Sentence January 30, 2014
in the Court of Common Pleas of Fayette County
Criminal Division at Nos.: CP-26-CR-0000622-2013;
CP-26-CR-0001113-2013

BEFORE: DONOHUE, J., OLSON, J., and PLATT, J.[*]

MEMORANDUM BY PLATT, J.:                    **FILED APRIL 14, 2015**

Appellant, Ronald James Bailey, appeals from the judgment of sentence entered pursuant to his negotiated guilty plea to three counts of possession with intent to deliver a controlled substance (PWID), and possession of an illegal substance, and one count each of possession of drug paraphernalia, driving under the influence-general impairment (DUI), driving under a suspended license-DUI related (DUS-DUI),[1] and related charges.[2] We affirm.

_____

[*] Retired Senior Judge assigned to the Superior Court.

[1] The drug charges were filed at No. 622-2013, and the DUI-related charges were filed at No. 1113-2013. All charges were part of Appellant's plea bargain, and the trial court entered separate sentencing orders on each count. For ease of disposition, we will refer to the orders collectively as one judgment of sentence.

On September 24, 2013, pursuant to his negotiated plea agreement, the court sentenced Appellant to consecutive terms of incarceration of not less than two nor more than four years on one count of PWID, not less than one nor more than two years on the DUI charge, and ninety days[3] on the charge of DUS-DUI, for a total aggregate sentence of not less than three years and ninety days nor more than six years' incarceration. (**See** N.T. Sentencing Hearing, 9/24/13, at 9-12, 14).[4] The court deemed Appellant RRRI[5] eligible, setting his aggregate minimum RRRI sentence at twenty-nine months and seven days. (**See id.**). On January 30, 2014, the trial court amended the RRRI minimums in the judgment of sentence *sua sponte*, raising the total aggregate RRRI minimum sentence to thirty-two months and fifteen days because "[t]he original 'RRRI' minimum was incorrectly

_(Footnote Continued)_ —————————————

[2] 35 P.S. §§ 780-113(a)(30), (a)(16), and (a)(32), and 75 Pa.C.S.A. §§ 3802(a)(1), 1543(b)(1.1), 1301(a), 1786(f), 3309(1), and 3714(a), respectively.

[3] Generally, a court must impose a minimum and a maximum sentence. **See** 42 Pa.C.S.A. § 9756(b)(1). However, section 1543, under which Appellant was convicted of DUS-DUI, "implicitly creates an exception to 42 Pa.C.S.[A.] § 9756(b) by specifically authorizing a trial court to impose a flat minimum mandatory sentence of ninety days for driving with a suspended license when the license was suspended as a result of a prior DUI conviction." **Commonwealth v. Klingensmith**, 650 A.2d 444, 461 (Pa. Super. 1994), *appeal denied*, 659 A.2d 986 (Pa. 1995) (citations omitted).

[4] Pursuant to the agreement, the court did not impose any further penalties on the remaining charges.

[5] Recidivism Risk Reduction Incentive, 61 Pa.C.S.A. §§ 4501-4512.

based on the individual sentences, not the aggregate, so the original sentence was illegal and had to be corrected." (Trial Court 1925(a) Statement in Lieu of Opinion, 5/06/14, at 2); (**see** Amended Sentence Order 622 of 2013, PWID, 1/30/14; Amended Sentence Order, 1113 of 2013, DUI, 1/30/14; Amended Sentence Order 1113 of 2013, DUS-DUI, 1/30/14).[6]

Appellant, while represented by appointed counsel, filed a timely *pro se* notice of appeal. On March 7, 2014, the court ordered Appellant to file a Rule 1925(b) statement of errors complained of on appeal. **See** Pa.R.A.P. 1925(b). On April 25, 2014, Appellant's counsel filed a motion to withdraw, which the trial court granted on May 1, 2014. On May 6, 2014, the court filed a Rule 1925(a) statement in lieu of opinion in which it stated that it declined to review Appellant's issues on the basis that it had granted counsel's motion to withdraw. **See** Pa.R.A.P. 1925(a).

On September 22, 2014, this Court remanded Appellant's case for a **Grazier**[7] hearing to determine whether he knowingly, intelligently, and voluntarily waived the assistance of counsel on appeal. After conducting the hearing, the court appointed present counsel to proceed on Appellant's

_____

[6] To his brief, Appellant attached a copy of a letter purportedly from the Pennsylvania Department of Corrections notifying the trial court that the RRRI minimum sentences imposed in September were incorrect. This letter is not part of the certified record; therefore, it does not exist for purposes of our review. **See Commonwealth v. Preston**, 904 A.2d 1, 6-7 (Pa. Super. 2006), *appeal denied*, 916 A.2d 632 (Pa. 2007).

[7] **Commonwealth v. Grazier**, 713 A.2d 81, 82 (Pa. 1998).

behalf.  On December 30, 2014, counsel filed a petition for an extension of time to review the record and file a brief.  This Court granted the petition on January 12, 2015.  Thereafter, counsel timely filed Appellant's brief, and the appeal is now ripe for our substantive review.

Appellant presents the following three issues:

> 1.    Was the common pleas court within its power to amend, change or alter[] any facet of a negotiated plea sentence, *sua sponte*?
>
> 2.    Was the common pleas court within its power to amend, change or alter[] any facet of a negotiated plea sentence, *sua sponte* after the 30 days dictated by statute, 42 Pa.C.S.[A.] Section 5505, had expired?
>
> 3.    Was the Appellant's right to due process . . . violated when the court of common pleas amended the Appellant's sentence which was the result of a negotiated plea by amending, changing, and/or altering the sentence?

(Appellant's Brief, at 19) (most capitalization omitted).

Appellant's issues challenging the trial court's authority to correct an alleged sentencing error present a pure question of law for which our scope of review is plenary and our standard of review is *de novo*.  **See Commonwealth v. Borrin**, 12 A.3d 466, 471 (Pa. Super. 2011) (*en banc*), *affirmed*, 80 A.3d 1219 (Pa. 2013).

In his first issue, Appellant argues that the trial court erred in "substantially alter[ing his] plea agreement after sentence [had] been imposed and the sentence [had] become a final order." (Appellant's Brief, at 22).  We disagree.

- 4 -

It is well-settled that, "[a]ssuming the plea agreement is legally possible to fulfill, when the parties enter the plea agreement on the record, and the court accepts and approves the plea, then the parties and the court must abide by the terms of the agreement." **Commonwealth v. Parsons**, 969 A.2d 1259, 1268 (Pa. Super. 2009), *appeal denied*, 982 A.2d 1228 (Pa. 2009) (citations omitted).

Here, pursuant to the negotiated plea agreement, the parties agreed that Appellant's PWID sentence would be not less than two nor more than four years' incarceration; and that the DUI related sentences would be the mandatory minimums. (**See** Guilty Plea Colloquy, 8/30/13, at unnumbered page 4; N.T. Plea Hearing, 9/03/13, at 2). However, there was no agreement as to the length of Appellant's RRRI terms of incarceration. (**See** Guilty Plea Colloquy, 8/30/13, at unnumbered pages 1-6; **see also** N.T. Plea Hearing, 9/03/13, at 2-9). Therefore, the trial court did not violate the agreement's terms when it amended the length of Appellant's RRRI minimum term. **See Parsons**, **supra** at 1268. Appellant's first issue lacks merit. **See Borrin**, **supra** at 471.

In Appellant's second issue, he argues that "the trial court lacked jurisdiction absent a patent and obvious mistake to modify the [judgment of sentence] and its action in doing so was void." (Appellant's Brief, at 25) (citation omitted). Specifically, he maintains that, because "the thirty-day

period [provided by 42 Pa.C.S.A. Section 5505] had elapsed, the trial court erred when it amended the [judgment of sentence]." (***Id.***). We disagree.

Section 5505 of judicial procedure provides, in pertinent part, that a court "may modify or rescind any order within 30 days after its entry[.]" 42 Pa.C.S.A. § 5505. "However, 'patent or obvious mistakes' in an order may be modified beyond the thirty-day modification period. An alleged error must qualify as a clear clerical error or a patent and obvious mistake in order to be amenable to correction." ***Commonwealth v. Ellsworth***, 97 A.3d 1255, 1257 (Pa. Super. 2014) (citations omitted).

Here, the trial court imposed the original judgment of sentence on September 24, 2013. To amend Appellant's sentence beyond the thirty-days prescribed by Section 5505, it must have contained "a patent and obvious mistake." ***Id.*** We conclude that it did.

Pursuant to 61 Pa.C.S.A. § 4505(c)(2), which governs RRRI minimum sentences:

> **(c) Recidivism risk reduction incentive minimum sentence.**—If the court determines that the defendant is an eligible offender . . . the court shall enter a sentencing order that does all of the following:
>
> \* \* \*
>
> (2) Imposes the recidivism risk reduction incentive minimum sentence. The recidivism risk reduction incentive minimum shall be equal to three-fourths of the minimum sentence imposed when the minimum sentence is three years or less. **The recidivism risk reduction incentive minimum shall be equal to five-sixths of the minimum sentence if the minimum sentence is greater than three years.** . . . **In**

**determining the recidivism risk reduction incentive minimum sentence, the aggregation provisions of 42 Pa.C.S.[]§ 9757 (relating to consecutive sentences of total confinement for multiple offenses) . . . shall apply.**

61 Pa.C.S.A. § 4505(c)(2) (emphasis added).

In this case, the trial court amended Appellant's sentence because "[t]he original 'RRRI' minimum was incorrectly based on the individual sentences, not the aggregate, so the original sentence was illegal and had to be corrected." (Trial Ct. 1925(a) Statement, at 2). We conclude that there was no trial court error.

Appellant's aggregate minimum sentence was not less than three years and ninety days' incarceration. (*See* N.T. Sentencing Hearing, 9/24/13, at 9-12, 14). Therefore, Section 4505(c)(2) mandated that the RRRI sentence equal five-sixths of the minimum sentence imposed. *See* 61 Pa.C.S.A. § 4505(c)(2). However, because the court erroneously based its original calculation on the individual sentences rather than on the aggregate, it illegally imposed an RRRI sentence that equaled three-fourths of the minimum sentence, rather than five-sixths, as mandated by Section 4505(c)(2). (*See* N.T. Sentencing Hearing, 9/24/13, at 9-12, 14); *see also* 61 Pa.C.S.A. § 4505(c)(2).

Based on the foregoing, we conclude that the imposition of an illegal RRRI sentence "constitute[d] a patent and obvious mistake that [was] amenable to correction after the thirty-day period prescribed in 42 Pa.C.S.A. § 5505." *Ellsworth*, *supra* at 1257 (holding that "duplicative imposition of

credit for time served constitutes a patent and obvious mistake that is amenable to correction after the thirty-day period prescribed in 42 Pa.C.S.A. § 5505.") (citations omitted). Accordingly, the trial court properly amended Appellant's sentence to reflect an RRRI minimum term equal to five-sixths of the minimum sentence as mandated by 61 Pa.C.S.A. § 4505(c)(2). Appellant's second issue lacks merit. *See Borrin*, *supra* at 471.

In his third issue, Appellant claims that the trial court's amendment denied him his right to due process because he "was given no opportunity to have input into the decision to modify and thus increase his sentence[.]" (Appellant's Brief, at 27). This issue is waived.

It is well-settled that:

> In an appellate brief, parties must provide an argument as to each question, which should include a discussion and citation of pertinent authorities. Pa.R.A.P. 2119(a). This Court is neither obliged, nor even particularly equipped, to develop an argument for a party. To do so places the Court in the conflicting roles of advocate and neutral arbiter. When an appellant fails to develop his issue in an argument and fails to cite any legal authority, the issue is waived.

*Commonwealth v. Knox*, 50 A.3d 732, 748 (Pa. Super. 2012), *appeal denied*, 69 A.3d 601 (Pa. 2013) (case citations omitted).

In this appeal, Appellant provides no citation to authority or any pertinent discussion in support of his challenge, other than a recitation of the facts and conclusory allegations from his previous arguments. (**See** Appellant's Brief, at 26-27). Accordingly, Appellant's third issue is waived.

***See Knox***, ***supra*** at 748 (waiving Appellant's claim where he provided no pertinent discussion or citation to authority).

For the foregoing reasons, we affirm Appellant's judgment of sentence.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 4/14/2015