J-S29027-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| MIKE ANTHONY ZIGLER | |
| Appellant | No. 1500 WDA 2015 |

Appeal from the PCRA Order entered September 2, 2015
in the Court of Common Pleas of Erie County
Criminal Division, at No(s): CP-25-CR-0001472-2000

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| MIKE ANTHONY ZIGLER | |
| Appellant | No. 1504 WDA 2015 |

Appeal from the PCRA Order entered September 2, 2015
in the Court of Common Pleas of Erie County
Criminal Division, at No(s): CP-25-CR-0001471-2000

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| MIKE ANTHONY ZIGLER | |
| Appellant | No. 1506 WDA 2015 |

Appeal from the PCRA Order entered September 2, 2015

J-S29027-16

in the Court of Common Pleas of Erie County
Criminal Division, at No(s): CP-25-CR-0001469-2000

BEFORE:  BENDER, P.J.E., PANELLA, J., and FITZGERALD[*], J.

MEMORANDUM BY  PANELLA, J.                    **FILED JUNE 07, 2016**

In these consolidated appeals, Appellant challenges the PCRA court's denial of his serial petition, filed pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S.A. §§ 9541-9546, as untimely. We affirm.

On September 5, 2000, Appellant entered an open guilty plea to seven counts, including robbery, conspiracy, and related charges at three separate dockets. In October 2000, the trial court imposed an aggregate term of twelve to thirty-four years of imprisonment. Each sentence imposed by the trial court fell within the standard range of the applicable sentencing guidelines except for count 1 at Docket No. CP-25-CR-0001472-2000, which fell within the aggravated range.[1]

Subsequently, Appellant moved to withdraw his guilty plea and modify his sentence. The trial court denied both motions. Appellant filed a timely appeal to this Court, in which he raised a challenge to the discretionary aspects of his sentence. In an unpublished memorandum filed on June 19,

_____

[*] Former Justice specially assigned to the Superior Court.

[1] Due to the use of a firearm, one of Appellant's convictions required the imposition of a five-year mandatory minimum sentence. **See** N.T., 10/9/00, at 23.

- 2 -

2001, we rejected Appellant's claim and, therefore, affirmed his judgment of sentence. *See Commonwealth v. Zigler*, 779 A.2d 1225 (Pa. Super. 2001) (Table). Appellant did not file a petition for allowance of appeal to our Supreme Court.

Appellant filed a timely *pro se* PCRA petition on January 22, 2001. The PCRA court appointed counsel, who ultimately filed a "no-merit letter" and petition to withdraw pursuant to *Commonwealth v. Turner*, 544 A.2d 927 (Pa. 1988), and *Commonwealth v. Finley*, 550 A.2d 213 (Pa. Super. 1988) (*en banc*). After issuing notice of intent to dismiss without a hearing, the PCRA court dismissed the petition by order entered March 7, 2002, and permitted counsel to withdraw. Appellant filed a timely appeal. In an unpublished memorandum filed on November 8, 2002, we affirmed the PCRA court's order denying post-conviction relief. *See Commonwealth v. Zigler*, 816 A.2d 337 (Pa. Super. 2002) (Table).

On March 5, 2009, Appellant filed a *pro se* motion for modification of sentence, *nunc pro tunc*, which the PCRA court denied on March 13, 2009. Appellant filed another *pro se* PCRA petition on May 11, 2009. After providing notice, the PCRA court denied this petition on August 10, 2009. On March 26, 2010, Appellant filed a *pro se* "Petition to Vacate Illegal Sentence and Resentence," which the PCRA court treated a serial PCRA petition. After providing notice, the PCRA court dismissed Appellant's petition July 1, 2010.

Appellant filed the instant PCRA petition, on January 15, 2015, and the PCRA court appointed counsel.[2] PCRA counsel filed a supplement to Appellant's *pro se* petition and the Commonwealth filed a response. The PCRA court filed notice of intent to dismiss Appellant's petition without a hearing. Appellant did not file a response. By order entered September 2, 2015, the PCRA court denied Appellant's latest PCRA petition. These timely appeals follow.

Appellant raises the following issues:

A. Whether the [PCRA] court erred in denying PCRA relief based upon a finding that the PCRA was untimely filed and the challenges to the legality of sentence time-barred as a result?

B. Whether the [PCRA] court erred in denying PCRA relief on the substantive grounds asserted as to the [reference] to and consideration of invalid sentencing factors including that [Appellant] was under supervision at the time of the offense and that the sentencing court considered non-existent drug and alcohol evaluations?

Appellant's Brief at 2 (excess capitalization removed).

We first determine whether the PCRA court correctly concluded that Appellant's latest PCRA petition was untimely filed. The timeliness of a post-

---

[2] "In a second or subsequent petition, the [PCRA] court shall appoint counsel for an indigent defendant only if an evidentiary hearing is required under Rule 908. In addition, Rule 904 authorizes the [PCRA] court to appoint counsel 'whenever the interests of justice require it.'" Thomas M. Place, *The Post Conviction Relief Act, Practice and Procedure*, § 6.03[4][a] (11th ed. 2016) (citing Pa.R.Crim.P. 904(E)).

conviction petition is jurisdictional. *See Commonwealth v. Hernandez*, 79 A.3d 649, 651 (Pa. Super. 2013). Because the PCRA's time limitations implicate the court's jurisdiction and may not be altered or disregarded in order to address the merits of a petition, the court must start by examining the timeliness of defendant's petition. *See Commonwealth v. Davis*, 86 A.3d 883 (Pa. Super. 2014). Generally, a petition for relief under the PCRA, including a second or subsequent petition, must be filed within one year of the date the judgment is final unless the petition alleges, and the petitioner proves, that an exception to the time for filing the petition, set forth at 42 Pa.C.S.A. § 9545(b)(1)(i), (ii), and (iii), is met. A PCRA petition invoking one of these statutory exceptions must "be filed within 60 days of the date the claims could have been presented." *Hernandez*, 79 A.3d 651-52 (citations omitted). *See also* 42 Pa.C.S.A. § 9545(b)(2).

Appellant's judgment of sentence became final on July 19, 2001, when the thirty day time period for filing a petition for allowance of appeal to our Supreme Court expired. *See* 42 Pa.C.S.A. § 9545(b)(3). Therefore, Appellant needed to file the petition at issue by July 19, 2002, in order for it to be timely. As Appellant filed the instant petition over ten years later, it is untimely unless he has satisfied his burden of pleading and proving that one of the enumerated exceptions applies.

Within his brief, Appellant has not attempted to prove any of the PCRA time bar exceptions. Instead, he asserts that "[t]here exists a sub-set of the

illegal sentencing non-waiver doctrine, which holds that a Court possesses inherent power and authority, at anytime [sic], to correct an illegal sentence where the illegal sentencing error is patent and obvious." Appellant's Brief at 5 (citing *Commonwealth v. Holmes*, 933 A.2d 57, 66-67 (Pa. 2007); *Commonwealth v. Ellsworth*, 97 A.3d 1255 (Pa. Super. 2014)). We disagree.

Unfortunately for Appellant, although illegal sentencing issues cannot be waived, they still must be presented in a timely PCRA petition. *See Commonwealth v. Taylor*, 65 A.3d 426 (Pa. Super. 2013). Moreover, Appellant's reliance upon *Holmes* and *Ellsworth* is inapt; neither of those cases involved the PCRA. Under the PCRA, "[w]hen the one-year filing deadline of section 9545 has expired, and no statutory exception has been pled or proven, a PCRA court cannot invoke inherent jurisdiction to correct orders, judgments and decrees, even if the error if patent and obvious." *Commonwealth v. Jackson*, 30 A.3d 516 (Pa. Super. 2011).

The PCRA correctly concluded that it lacked jurisdiction to consider Appellant's serial PCRA petition. We therefore affirm the PCRA court's order denying Appellant post-conviction relief.

Order affirmed.

President Judge Emeritus Bender joins the memorandum.

Justice Fitzgerald concurs in the result.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: <u>6/7/2016</u>