J. S10037/20

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA, : IN THE SUPERIOR COURT OF
                                       :              PENNSYLVANIA

             Appellant    :
                                         :
                v.              :           No. 1398 MDA 2019
                                         :

JERMAINE JAZZ McLEAN       :

Appeal from the PCRA Order Entered August 12, 2019,
in the Court of Common Pleas of Luzerne County
Criminal Division at No. CP-40-CR-0000544-2016

COMMONWEALTH OF PENNSYLVANIA, : IN THE SUPERIOR COURT OF
                                         :              PENNSYLVANIA

             Appellant    :
                                         :
                v.              :           No. 1399 MDA 2019
                                         :

JERMAINE JAZZ McLEAN       :

Appeal from the PCRA Order Entered August 12, 2019,
in the Court of Common Pleas of Luzerne County
Criminal Division at No. CP-40-CR-0001551-2016

BEFORE: PANELLA, P.J., KUNSELMAN, J., AND FORD ELLIOTT, P.J.E.

MEMORANDUM BY FORD ELLIOTT, P.J.E.:       **FILED JULY 21, 2020**

    In these consolidated appeals, the Commonwealth appeals from the August 12, 2019 order granting appellee, Jermaine Jazz McLean's petition filed pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S.A. §§ 9541-

9546.  After careful review, we reverse and remand for proceedings consistent with this memorandum.

The PCRA court summarized the relevant procedural history of this case as follows:

> [A]ppellee was charged with various criminal offenses in two criminal informations docketed at [CP-40-CR-0000544-2016 ("No. 544")] and [CP-40-CR-0001551-2016 ("No. 1551")].  In the case docketed at No. 544, [a]ppellee was charged with possession with intent to deliver (PWID) . . . , criminal use of a communication facility . . . , and fleeing and eluding . . . .[1]  In the case docketed at No. 1551, [a]ppellee was charged with aggravated assault . . . , fleeing or attempting to elude an officer . . . , recklessly endangering another person . . . , and other related offenses.[2]
>
> On November 16, 2017, [a]ppellee appeared before the [trial c]ourt to enter guilty pleas on the above[-]captioned cases.  [] Appellee sought to enter into a negotiated plea agreement with the Commonwealth whereby he would plead guilty to count one on each of the criminal informations . . . .  Following . . . a hearing, and a careful colloquy of [a]ppellee, [the trial court] accepted his pleas to PWID and aggravated assault.  Thereafter, on January 3, 2018, [a]ppellee appeared before the [trial] court for sentencing.  Relevantly, [a]ppellee's counsel[, Janan Tallo, Esq. (hereinafter, "Attorney Tallo")], pointed out that the pre-sentence investigation [("PSI")] represented that "credit is an issue" and specifically that [a]ppellee had "approximately 700 days on the delivery but only 42 days on the aggravated assault."  [Attorney Tallo] indicated that had she known that credit for time served had not

---

[1] 35 Pa.C.S.A. § 780-113(a)(30), 18 Pa.C.S.A. § 7512(a), and 75 Pa.C.S.A. § 3733(a), respectively.

[2] 18 Pa.C.S.A. § 2702(a)(3), 75 Pa.C.S.A. § 3733(a), and 18 Pa.C.S.A. § 2705, respectively.

been accumulating on the aggravated assault charge at count one of case No. 1551 that she would have asked the[trial] court to revoke bail. [Attorney Tallo] went on to state that she assumed that her client was incarcerated on a bail amount on both cases when in fact this was not the case. Appellee was arrested on case No. 1551 while he was incarcerated on case No. 544. Subsequently, [appellee] was granted bail only 42 days after that arrest.

On No. 544, at count one, PWID, [the trial court] sentenced [a]ppellee within the standard range to a period of incarceration of not less than twenty-four (24) month[s] but no more than sixty (60) months to run consecutive to any other sentence he was then currently serving. On case No. 1551, at count one, aggravated assault[, the trial court] sentenced [appellee] within the standard range to a period of incarceration of not less than twenty-four (24) months but no more than sixty (60) months to run consecutive. With reservations, [the trial court] granted [a]ppellee credit for 706 days of time served to be applied to both cases. Counsel representing the Commonwealth objected to our granting the time credit and we invited the parties to file post[-]sentence motions. On January 12, 2018[,] the Commonwealth filed a post-sentence motion in support of the objection to [a]ppellee's credit. At the hearing, [Attorney Tallo] again argued that double credit was at least a possible outcome. At the conclusion of the hearing, by order dated April 10, 2018, [the trial court] granted the Commonwealth's motion and vacated our order granting credit for time served on case No. 1551.

PCRA court opinion, 10/31/19 at 1-2 (citations and extraneous capitalization omitted).

Appellee did not file a direct appeal. On October 25, 2018, appellee filed a timely *pro se* PCRA petition at No. 544. Thereafter, on November 9, 2018, appellee filed a timely *pro se* PCRA petition at No. 1551. On June 11, 2019,

the PCRA court appointed Jeffrey Yelen, Esq. ("PCRA counsel"), to represent appellee. On July 9, 2019, PCRA counsel filed a supplemental PCRA petition on appellee's behalf, wherein he argued that appellee was entitled to withdraw his guilty plea because "[Attorney Tallo] was ineffective in that [appellee] plead guilty based on [her] representations that his approximately 2[-]year time[-]served credit would be applied to sentences **on both sets of charges**." (**See** "Supplement to PCRA Petition," 7/9/19 at ¶ 3 (emphasis added).) The PCRA court held a hearing on this matter on August 8, 2019, during which both appellee and Attorney Tallo testified at length. Following the hearing, the PCRA court entered an order granting appellee's PCRA petition and vacating his guilty plea. In reaching this conclusion, the PCRA court reasoned as follows:

> The issue is when [appellee] entered his guilty plea based upon advice provided by [Attorney Tallo], was it knowingly and voluntarily entered? And I think from the evidence and testimony before me, [appellee] has testified that he would not have entered his guilty plea had he not been under the belief or assumption, if you will, that he was going to receive all of the credit for the time he had been incarcerated as to both cases and both docket numbers, which is, in my view, not the law and something he's not legally entitled to.
>
> But he felt he was and I believe [Attorney] Tallo, [appellee's] prior counsel, herself testified that she thought [appellee] would get credit for both cases and was not surprised that when [appellee] entered his plea, he thought the same.
>
> So the Court would find that it appears that the guilty plea that [appellee] entered on or about November 16, 2017 was based at least, in part, upon

> some ineffective assistance of counsel in explaining what would occur and his reliance upon that led to him entering a guilty plea that was not knowingly and voluntarily entered.

Notes of testimony, 8/8/19 at 30-31.

On August 22, 2019, the Commonwealth filed two separate, timely notices of appeal for each docket number, in compliance with *Commonwealth v. Walker*, 185 A.3d 969 (Pa. 2018), and its progeny. On August 27, 2019, the PCRA court granted PCRA counsel permission to withdraw and appointed appellee's instant counsel, Matthew P. Kelly, Esq., to represent him on appeal. Pursuant to the PCRA court's directive, the Commonwealth filed a timely concise statement of errors complained of on appeal, in accordance with Pa.R.A.P. 1925(b), on September 16, 2019. The PCRA court filed its Rule 1925(a) opinion on October 31, 2019.

The Commonwealth raises the following issue for our review:

> Whether the [PCRA] court erred when it granted [appellee] PCRA relief by finding that [appellee] relied on a promise by [Attorney Tallo] that he would receive credit for all time spent in custody?

Commonwealth's brief at 4.

"When reviewing an order granting PCRA relief, we must determine whether the decision of the PCRA court is supported by the evidence of record and is free of legal error. Moreover, we will not disturb the findings of the PCRA court unless those findings have no support in the certified record." *Commonwealth v. Rivera*, 154 A.3d 370, 377 (Pa.Super. 2017) (citation

and internal quotation marks omitted), *appeal denied*, 169 A.3d 1072 (Pa. 2017).

Here, the Commonwealth contends that there is no merit to appellee's claim that Attorney Tallo's advice to him that he was entitled to double credit for time-served induced him to enter an unknowing and involuntary guilty plea. (Commonwealth's brief at 10.) The Commonwealth avers that "[t]he record does not support a finding that Attorney Tallo gave incorrect or erroneous advice" nor "improperly promise[d] that [appellee] would get double credit." (*Id.* at 10, 12.) We agree.

Allegations of ineffectiveness in connection with the entry of a guilty plea will serve as a basis for relief only if the ineffectiveness caused the defendant to enter an involuntary or unknowing plea. *Commonwealth v. Orlando*, 156 A.3d 1274, 1281 (Pa.Super. 2017). "Where the defendant enters his plea on the advice of counsel, the voluntariness of the plea depends on whether counsel's advice was within the range of competence demanded of attorneys in criminal cases." *Commonwealth v. Barndt*, 74 A.3d 185, 192 (Pa.Super. 2013) (citations omitted).

We apply a three-pronged test for determining whether counsel was ineffective, derived from the test articulated by the Supreme Court of the United States in *Strickland v. Washington*, 466 U.S. 668, 687 (1984), and as applied in *Commonwealth v. Pierce*, 527 A.2d 973 (Pa. 1987). *Commonwealth v. Simpson*, 66 A.3d 253, 260 (Pa. 2013).

> The **Pierce** test requires a PCRA petitioner to prove: (1) the underlying legal claim was of arguable merit; (2) counsel had no reasonable strategic basis for his action or inaction; and (3) the petitioner was prejudiced—that is, but for counsel's deficient stewardship, there is a reasonable likelihood the outcome of the proceedings would have been different.

**Id.**, citing **Pierce**, 527 A.2d at 975.

Instantly, appellee testified at the August 8, 2019 hearing that, prior to pleading guilty, he discussed the time-credit issue with his then-counsel, Attorney Tallo, multiple times, and that it was his understanding "that the time credit would be applied to both of the cases." (Notes of testimony, 8/8/19 at 7-8.) Appellee further testified that he would not have pled guilty at No. 1551 and No. 544 had he known that credit would only be applied to one case. (**Id.** at 9.)

Upon review, we find that there is no arguable merit to appellee's claim that he was induced to enter an unknowing and involuntary guilty plea because of Attorney Tallo's improper advice to him that he could receive

"double credit" for time-served on both cases.[3] The record reflects that Attorney Tallo never explicitly promised appellee that he would receive double credit for cases No. 1551 and No. 544. Rather, Attorney Tallo testified that although she was under the assumption that appellee was entitled to credit for time-served on both cases and advised appellee she would request credit for both, time-credit was ultimately at the discretion of the sentencing judge based upon the sentence imposed:

> [Appellee] and I had always spoken about credit for time served, that he, yes, is entitled to credit for time served. Working under that assumption, he's not completely mistaken when he says he thought he was going to get credit for both [cases] because I thought he was going to get credit for both also. So we did have those discussions that he's entitled for any credit that he's entitled to.
>
> Now that becomes tricky. There was no agreement as to the sentence, so it was always up to [the sentencing judge] as to how to set the sentence. If he were to run them concurrently, I would make the

---

[3] We note that 42 Pa.C.S.A. § 9760(4) makes clear that the granting of "double credit" for time-served is prohibited. Section 9760(4) provides as follows:

> [i]f the defendant is arrested on one charge and later prosecuted on another charge growing out of an act or acts that occurred prior to his arrest, credit against the maximum term and any minimum term of any sentence resulting from such prosecution shall be given for all time spent in custody under the former charge that has not been credited against another sentence.

*Id.*; *see also Commonwealth v. Ellsworth*, 97 A.3d 1255, 1257 (Pa.Super. 2014) (stating, "a defendant is not entitled to receive credit against more than one sentence for the same time served." (citations, internal quotation marks, and brackets omitted)).

> pitch for double credit on both. If he ran them consecutively, though, we lose that ability because you can't give double credit on consecutive sentences.

***Id.*** at 17.

Attorney Tallo further reiterated that she did not promise appellee anything more than the time credit that he was legally entitled to, stating as follows:

> I would never have said, I promise you're going to get double credit on both. I would have told him he's entitled to credit for time served, that we would ask the Judge for the credit for both cases because we believe he was in on both, but there was no guarantee the Judge would run both sentences concurrently.

***Id.*** at 18-19.

Moreover, the record further reflects that appellee testified during his guilty plea colloquy that no promises were made to him to induce his plea. (***See*** notes of testimony, 11/16/17 at 7.) When confronted with this testimony during the PCRA hearing, appellee acknowledged that he never mentioned Attorney Tallo's alleged promise of "double credit" during the colloquy. (***See*** notes of testimony, 8/8/19 at 14-15.) Appellee is bound by the statements he made during his guilty plea colloquy. ***See Commonwealth v. Turetsky***, 925 A.2d 876, 881 (Pa.Super. 2007) (stating, "[a] person who elects to plead guilty is bound by the statements he makes in open court while under oath and he may not later assert grounds for withdrawing the plea which contradict the statements he made at his plea colloquy." (citation omitted)), ***appeal denied***, 940 A.2d 365 (Pa. 2007).

Based on the foregoing, we find that the PCRA court erred in concluding Attorney Tallo's advice to appellee induced him to enter an unknowing and involuntary guilty plea. Accordingly, we reverse the PCRA court's August 8, 2019 order and remand for proceedings consistent with this memorandum.

Order reversed. Case remanded for further proceedings. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 07/21/2020