J-S41023-23

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| ANTHONY DONELL RUE | : | |
| | : | |
| Appellant | : | No. 19 WDA 2023 |

Appeal from the Judgment of Sentence Entered July 19, 2022
In the Court of Common Pleas of Armstrong County Criminal Division at
No(s):  CP-03-CR-0000855-2019

BEFORE:   PANELLA, P.J., OLSON, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY OLSON, J.:                    **FILED: February 29, 2024**

Appellant, Anthony Donell Rue, appeals from the judgment of sentence entered July 19, 2022, as made final by the denial of his post-sentence motion on November 25, 2022.  Upon careful review, we vacate Appellant's judgment of sentence and remand this matter for the limited purpose of allowing the trial court to re-assess its credit-for-time-served calculation and to re-sentence Appellant, if appropriate.

On September 17, 2019, Appellant, a passenger in a vehicle that was subjected to a traffic stop, was arrested after police recovered fentanyl in his possession.  On May 9, 2022, Appellant entered a guilty plea to one count of possession with intent to deliver.[1]  On July 19, 2022, Appellant was sentenced

_____

[*] Former Justice specially assigned to the Superior Court.

[1] 35 P.S. § 780–113(a)(30).

to 48 to 96 months' incarceration. At sentencing, the trial court awarded Appellant 762 days of time-credit based upon the pre-sentence investigation ("PSI") report prepared by the Armstrong County probation office. Appellant filed a post-sentence motion on July 28, 2022, which was denied by operation of law on November 25, 2022. This timely appeal followed.

Appellant raises the following issue on appeal:

Whether the [trial] court committed reversible error by failing to properly credit time [served] for [Appellant's] sentence?

Appellant's Brief at 7 (unnecessary capitalization omitted).

Appellant contends that his sentence is illegal because the trial court failed to award him the correct amount of credit for time served.[2] In particular, Appellant notes that, prior to his July 19, 2022 sentencing hearing in Armstrong County, Appellant pled guilty and was sentenced at two trial court dockets in Butler County, Pennsylvania (CP-10-CR-0365-2018 ("0365-2018") and CP-10-CR-0665-2021 ("0665-2021")). According to the PSI report, Appellant was entitled to 762 days of time-credit toward his sentence in Armstrong County because, on May 5, 2022, the Butler County trial court awarded Appellant 255 days of time-credit at docket number

_____

[2] A claim asserting that the trial court failed to award credit for time served implicates the legality of a sentence. *See Commonwealth v. Gibbs*, 181 A.3d 1165, 1166 (Pa. Super. 2018). Despite the entry of a guilty plea, Appellant retained the right to challenge the legality of his sentence within the context of this appeal. *See Commonwealth v. Jones*, 929 A.2d 205, 212 (Pa. 2007) (defendant's entry of guilty plea does not preclude challenge to legality of sentence on direct appeal).

0365-2018 and 182 days of time-credit at docket number 0665-2021. *See* Appellant's Brief at App. B. Appellant claims, however, that the May 5, 2022 Butler County sentencing order, upon which the PSI report relied, was later "amended" on May 23, 2022, and "rescind[ed] all credit for those cases." *Id.* at 12.[3] Thus, Appellant argues that the PSI report no longer accurately reflected the time-credit he received on his Butler County sentences and, as such, the trial court's award of 762 days of time-credit toward his Armstrong County sentence is erroneous. *Id.* at 12-13.

Our standard of review is well-settled:

> [T]he determination as to whether the trial court imposed an illegal sentence is a question of law; our standard of review in cases dealing with questions of law is plenary. If no statutory authorization exists for a particular sentence, that sentence is illegal and subject to correction. An illegal sentence must be vacated.

*Commonwealth v. Hughes*, 986 A.2d 159, 160–161 (Pa. Super. 2009), *appeal denied*, 15 A.3d 489 (Pa. 2011) (citations and quotation marks omitted).

Section 9760 of the Sentencing Code governs the calculation of credit for time served and, in pertinent part, states:

> Credit against the maximum term and any minimum term shall be given to the defendant for all time spent in custody as a

---

[3] We note that the May 23, 2022 amending orders issued by the Butler County trial court, which are attached to Appellant's brief, do not "rescind" all time-credit and, instead, state that Appellant should receive credit for time served against his Butler County sentences "as allowed by law." *See* Appellant's Brief at App. E.

result of the criminal charge for which a prison sentence is imposed or as a result of the conduct on which such a charge is based. Credit shall include credit for time spent in custody prior to trial, during trial, pending sentence, and pending the resolution of an appeal.

42 Pa.C.S.A. § 9760(1). This Court has held that "a defendant shall be given credit for any days spent in custody prior to the imposition of sentence, but only if such commitment is on the offense for which sentence is imposed. Credit is not given, however, for a commitment by reason of a separate and distinct offense." *Commonwealth v. Richard*, 150 A.3d 504, 520-521 (Pa. Super. 2016) (original quotation marks omitted), *citing Commonwealth v. Clark*, 885 A.2d 1030, 1034 (Pa. Super. 2005). "While in cases involving a multitude of offenses occurring in quick succession determining which sentences a defendant is entitled to credit for presentence detainment becomes more difficult, the general rule regarding the inquiry seems simple enough - a defendant is entitled to credit **only once** for presentence detainment." *Commonwealth v. Davis*, 852 A.2d 392, 400 (Pa. Super. 2004) (emphasis added; citation omitted), *appeal denied*, 686 A.2d 1197 (Pa. 2005); *see also Commonwealth v. Ellsworth*, 97 A.3d 1255, 1257 (Pa. Super. 2014) (stating, "a defendant is not entitled to 'receive credit against more than one sentence for the same time served'", *i.e.*, double credit) (citation omitted).

In its 1925(a) opinion, the trial court indicated that it "awarded [Appellant] the time that was calculated and included in the [PSI] report," *i.e.*, 762 days. Trial Court Opinion, 1/25/23, at 2. The trial court further stated

that, while Appellant claimed he was entitled to credit for time served from "October 19, 2021 until the date of [his] sentenc[ing] on July 19, 2022," the "adult probation office determined that those days were all credited to two concurrent state sentences out of Butler County." ***Id.*** Believing that the Armstrong County probation office was "correct regarding the Butler County sentences," the trial court opined that Appellant "is not entitled to [additional time-credit against his Armstrong County] sentence." ***Id.***

The foregoing confirms that the trial court's award of time-credit in this instance was based upon the PSI report. The PSI report stated that, in light of the May 5, 2022 order issued by Butler County, Appellant was only entitled to 762 days of time-credit. ***See*** Appellant's Brief at App. B. On appeal, however, Appellant has come forward with two May 23, 2022 orders purporting to amend his Butler County sentences, which cast substantial doubt on whether the PSI report continues to accurately reflect the time available to be credited against Appellant's Armstrong County sentences. ***See id.*** at App. D and E. At this juncture, however, we are unable to fully evaluate Appellant's claims because the following information is not included in the certified record on appeal: (1) the orders issued from Butler County; (2) the PSI report relied upon the trial court in Armstrong County; and (3) the transcripts from Appellant's July 19, 2022 sentencing hearing.[4] Our review is further hampered

_____

[4] In his appellate brief, Appellant attached the PSI report, as well as the orders from the Butler County Court of Common Pleas dated May 5, 2022 and May
*(Footnote Continued Next Page)*

by the fact that the Commonwealth failed to file a brief in this matter. Hence, we are unable to complete a definitive determination regarding the amount of time-credit to which Appellant may be entitled. Thus, out of an abundance of caution and to ensure that Appellant receives the correct amount of credit for time served, we remand this matter to the trial court to re-assess its time-credit calculation and to resentence Appellant, if appropriate.

Judgment of sentence vacated. Case remanded for further proceedings consistent with this memorandum. Jurisdiction relinquished.

Judgment Entered.

_Benjamin D. Kohler_

Benjamin D. Kohler, Esq.
Prothonotary

2/29/2024

---

23, 2022. We are, however, unable to consider such material because they are not included in the certified record. *See Eichman v. McKeon*, 824 A.2d 305, 316 (Pa. Super. 2003) (citation omitted) ("It is black letter law in this jurisdiction that an appellate court cannot consider anything which is not part of the record in [the] case."). On remand, counsel for Appellant shall assemble all materials pertaining to Appellant's challenge to the legality of his sentence as addressed herein and incorporate these materials into the docket of his Armstrong County case. Thereafter, the trial court must determine the amount of time credited to Appellant's Butler County cases and ascertain the remaining time available for allocation against Appellant's Armstrong County sentence.