J-A03040-24

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| ISAAC RAY VAUGHAN | : | |
| | : | |
| Appellant | : | No. 872 WDA 2023 |

Appeal from the PCRA Order Entered January 13, 2023
In the Court of Common Pleas of Erie County Criminal Division at No(s):
CP-25-CR-0001017-2009

BEFORE:  BOWES, J., KUNSELMAN, J., and MURRAY, J.

MEMORANDUM BY MURRAY, J.:                 **FILED: March 13, 2024**

Isaac Ray Vaughan (Appellant) appeals, *pro se*, from the order dismissing his serial petition filed pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S.A. §§ 9541-9546.  We dismiss the appeal.

On July 14, 2009, after a non-jury trial, Appellant was convicted of two counts of aggravated assault and one count of possession of an instrument of crime, at two docket numbers: CP-25-CR-0001017-2019 ("No. 1017") and CP-25-CR-001018-2019 ("No. 1018" or "Docket 1018").  On September 16, 2009, the trial court sentenced Appellant to an aggregate 7 to 25 years in prison.  Appellant did not appeal.

In the ensuing years, "Appellant filed numerous Petitions for post-conviction relief, none of which garnered him relief."  ***Commonwealth v. Vaughn***, 251 A.3d 1259, 946 WDA 2020 (Pa. Super. 2021) ("***Vaughn I***")

(unpublished judgment order at 1) (dismissing Appellant's appeal from the order denying his PCRA petition "due to the substantial briefing defects in Appellant's [*pro se* b]rief, which hamper our ability to conduct meaningful appellate review." (footnote omitted)).

Appellant filed a serial *pro se* PCRA petition on July 30, 2021, which the PCRA court subsequently dismissed. Appellant appealed; this Court dismissed the appeal stating, "[o]nce again, our review is hindered by the deficiencies in Appellant's [*pro se*] brief." **Commonwealth v. Vaughn**, 276 A.3d 264, 1153 WDA 2021 (Pa. Super. 2022) (unpublished judgment order at 2) ("**Vaughn II**"). The **Vaughn II** Court determined that dismissal of the appeal was proper, where (1) "Appellant's brief is almost entirely noncompliant with Pa.R.A.P. 2111 (prescribing the content of an appellate brief)"; and (2) "even a liberal construction of Appellant's brief cannot remedy the serious inadequacies." **Id.** at 3, 4 (citing, *inter alia*, **Vaughn I**; Pa.R.A.P. 2101 (providing where defects in an appellant's brief "are substantial, the appeal … may be quashed or dismissed"); and **Branch Banking and Trust v. Gesiorski**, 904 A.2d 939, 942 (Pa. Super. 2006) ("While this [C]ourt is willing to liberally construe materials filed by a *pro se* litigant, we note that appellant is not entitled to any particular advantage because [he] lacks legal training.") (citation omitted)).

On December 7, 2022, Appellant filed the instant untimely, *pro se*, serial PCRA petition. Appellant challenged the authority of the trial court to amend

his judgment of sentence more than 30 days after its entry. PCRA Petition, 12/7/22, at 3-4 (citing 42 Pa.C.S.A. § 5505 (providing a court "may modify or rescind any order within 30 days after its entry")). Specifically, Appellant attached to his petition the trial court's November 21, 2017, amended sentencing order, filed at No. 1017, which reflected that the sentence imposed at No. 1017 would run consecutive to the sentence imposed at No. 1018. PCRA Petition, 12/7/22, Attachment.

On December 9, 2022, the PCRA court issued Pa.R.Crim.P. 907 notice of its intent to dismiss Appellant's petition without an evidentiary hearing. Appellant filed a *pro se* response six days later. On January 13, 2023, the PCRA court dismissed Appellant's PCRA petition without a hearing. Appellant timely filed a *pro se* notice of appeal on February 8, 2023. Appellant and the PCRA court have complied with Pa.R.A.P. 1925.[1]

"Appellate review of a PCRA court's dismissal of a PCRA petition is limited to the examination of whether the PCRA court's determination is supported by the record and free of legal error." **Commonwealth v. Maxwell**, 232 A.3d 739, 744 (Pa. Super. 2020) (*en banc*) (citation and quotation marks omitted). "It is an appellant's burden to persuade us that

---

[1] The Commonwealth filed correspondence with this Court stating that "it declines to file a responsive brief…." Correspondence, 11/15/23; **see also id.** (asserting that the issue Appellant raises in this appeal (*i.e.*, a challenge to the trial court's authority to modify the judgment of sentence under 42 Pa.C.S.A. § 5505) is "the same issue[] [that Appellant] previously raised in" **Vaughan II**).

the PCRA court erred and that relief is due." ***Commonwealth v. Miner***, 44 A.3d 684, 688 (Pa. Super. 2012).

Appellant's two-page, hand-written brief, like his defective prior *pro se* briefs in ***Vaughan I*** and ***Vaughan II***, fails to comply with numerous briefing requirements: Pa.R.A.P. 2111(a)(1) and 2114 (statement of jurisdiction); Pa.R.A.P. 2111(a)(2) and 2115(a) (order in question); Pa.R.A.P. 2111(a)(3) (statement of both the scope of review and the standard of review); Pa.R.A.P. 2111(a)(4) and 2116 (statement of questions); Pa.R.A.P. 2111(a)(5) and 2117 (statement of the case); and Pa.R.A.P. 2111(a)(6) and 2118 (summary of the argument). Appellant's substantially defective brief again hampers our ability to conduct meaningful appellate review. Accordingly, we dismiss the appeal.[2] ***See*** Pa.R.A.P. 2101; ***Commonwealth v. Perez***, 93 A.3d 829, 837,

---

[2] Even if we did not dismiss the appeal, we would conclude Appellant's claim of error is belied by the record. It is well settled that "a trial court has the inherent, common-law authority to correct clear clerical errors in its orders," even "after the expiration of the 30 day time limitation set forth in 42 Pa.C.S.A. § 5505…." ***Commonwealth v. Borrin***, 12 A.3d 466, 471 (Pa. Super. 2011) (*en banc*) (citations, footnote, and quotation marks omitted); ***see also Commonwealth v. Ellsworth***, 97 A.3d 1255, 1257 (Pa. Super. 2014) (explaining that "patent or obvious mistakes in an order may be modified beyond the thirty-day modification period. An alleged error must qualify as a clear clerical error or a patent and obvious mistake in order to be amenable to correction." (citations and quotation marks omitted)).

Instantly, the PCRA court correctly determined that

the sentencing transcript reflects that Appellant's sentence on the aggravated assault conviction[,] of 72 months to 240 months at No. 1017 …[,] "will be consecutive to the sentences that ha[ve]

*(Footnote Continued Next Page)*

838 (Pa. 2014) (stating compliance with the "briefing requirements scrupulously delineated in our appellate rules" is "mandatory" (citation omitted)).

Appeal dismissed.

Judgment Entered.

_Benjamin D. Kohler_

Benjamin D. Kohler, Esq.
Prothonotary

3/13/2024

---

previously been imposed at Docket 1018." ([N.T., 9/16/09,] p. 11, l. 14-16). Therefore, the clerical correction to Appellant's sentencing order did not modify Appellant's sentence or create an illegal sentence.

PCRA Court Opinion, 10/20/21, at 1 (footnote omitted; capitalization modified). Accordingly, the trial court acted within its authority in correcting the clear clerical error. ***Ellsworth***, ***supra***.