J-S70040-17

**.NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA   :    IN THE SUPERIOR COURT OF
                                       :            PENNSYLVANIA
                                       :
          v.                               :
                                       :
MICHAEL ANTHONY BOWMAN      : 
                                       :
         Appellant                 :      No. 625 MDA 2017

Appeal from the Judgment of Sentence August 29, 2016
In the Court of Common Pleas of Dauphin County
Criminal Division at No(s): CP-22-CR-0001942-2016

BEFORE: GANTMAN, P.J., SHOGAN, J., and OTT, J.

MEMORANDUM BY OTT, J.:                 **FILED MARCH 08, 2018**

Michael Anthony Bowman appeals, *nunc pro tunc*, from the judgment of sentence imposed on August 29, 2016, in the Court of Common Pleas of Dauphin County, following his guilty plea to one charge of simple assault.[1] The trial court sentenced Bowman to a term of one to two years' incarceration. In this appeal, Bowman claims (1) plea counsel was ineffective; (2) the trial court should have applied credit for time served to Bowman's sentence; and (3) the trial court was biased against Bowman when imposing sentence. Based on the following, we affirm.

The relevant facts and procedural history underlying this appeal are as follows. Bowman was arrested and charged with one count of simple assault

---

[1] 18 Pa.C.S. § 2701(a)(1).

after he head-butted his wife during a domestic altercation. Following Bowman's arrest, a parole detainer was issued in an earlier case where Bowman had been convicted of the unauthorized use of automobiles[2] and sentenced to a period of six to twenty-three months' incarceration. **See** Docket No. CP-22-CR-0004001-2008. Bowman also failed to satisfy bail in the simple assault case, and he remained incarcerated from March 14, 2016 to August 29, 2016. On July 13, 2016, Bowman entered an open guilty plea to the charge of simple assault. On August 29, 2016, the trial court sentenced Bowman to a term of one to two years' incarceration for the simple assault conviction. On that same date, the court also revoked Bowman's parole at Docket No. CP-22-CR-0004001-2008, credited Bowman's entire period of presentence incarceration to the back time remaining on his original sentence for unauthorized use of automobiles, and closed the case. Bowman did not file a direct appeal from the judgment of sentence in the present case.

On October 24, 2016, Bowman filed a timely, *pro se* petition pursuant to the Post Conviction Relief Act ("PCRA")[3], alleging (1) plea counsel was ineffective because he induced Bowman to plead guilty to simple assault to avoid the maximum sentence, which he received anyway; (2) plea counsel was ineffective for failing to file a timely direct appeal; (3) Bowman's sentence

---

[2] 18 Pa.C.S. § 3928(a).

[3] 42 Pa.C.S. §§ 9541-9546.

violated the Sentencing Guidelines; and (4) the trial court judge had a personal bias against Bowman, which affected the court's sentencing decision. The PCRA court appointed counsel, who subsequently filed a motion to withdraw and a ***Turner/Finley***[4] letter.  The court denied counsel's motion to withdraw.  On February 16, 2017, the court issued a Pa.R.Crim.P. 907 notice of its intent to dismiss all claims except Bowman's claim that plea counsel was ineffective for failing to file a direct appeal.  The court held an evidentiary hearing on March 29, 2017, solely on that claim.  After hearing testimony, the court initially announced it was denying PCRA relief.  Following a break, however, the court reopened the record and stated it was going to reinstate Bowman's direct appeal rights in light of additional evidence.  The court entered a written order on March 29, 2017, reinstating Bowman's post-sentence and direct appeal rights.  Bowman timely filed a notice of appeal on April 6, 2017.[5, 6]  Bowman presents three issues for this Court's review:

_____

[4] ***Commonwealth v. Turner***, 544 A.2d 927 (Pa. 1988); ***Commonwealth v. Finley***, 550 A.2d 213 (Pa. Super. 1988) (*en banc*).

[5] Bowman's notice of appeal states he "appeals to the Superior Court of Pennsylvania based on the Order entered on March 29, 2017, reinstating [Bowman's] Post-Sentence and Appellate Rights."  As reflected in the caption, the appeal properly lies from the judgment of sentence entered on August 29, 2016.  ***See Commonwealth v. Miller***, 868 A.2d 578 (Pa. Super. 2005), *appeal denied*, 881 A.2d 819 (Pa. 2005) (treating appeal as direct appeal, *nunc pro tunc*, from judgment of sentence, where defendant captioned appeal as one from PCRA court's order reinstating defendant's direct appeal rights *nunc pro tunc*).

[6] Bowman timely complied with the PCRA court's order to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b).

> Whether trial counsel was ineffective?
>
> Whether [Bowman] received an excessive sentence when the trial court failed to properly apply time credit?
>
> Whether the trial court was biased when imposing [Bowman's] sentence?

Bowman's Brief at 6.

In his first issue, Bowman argues plea counsel was ineffective for coercing him into entering an involuntary guilty plea based on the possibility of a maximum two-year sentence if he elected to proceed to trial. Bowman asserts plea counsel falsely informed him he would receive a lesser sentence if he pled guilty, and Bowman relied on that statement.

As a preliminary matter, when a PCRA court grants a petitioner the right to seek further direct review *nunc pro tunc*, the petitioner's judgment of sentence is no longer final and the PCRA court lacks jurisdiction to consider the merits of any other claims for collateral relief. *Commonwealth v. Harris*, 114 A.3d 1, 6 (Pa. Super. 2015). Additionally, "as a general rule, a petitioner should wait to raise claims of ineffective assistance of trial counsel until collateral review." *Commonwealth v. Grant*, 813 A.2d 726, 738 (Pa. 2002). In *Commonwealth v. Holmes*, 79 A.3d 562 (Pa. 2013), our Supreme Court recognized two exceptions where a defendant may raise ineffective assistance claims in post-trial motions or on direct appeal: (1) extraordinary cases where the court, in the exercise of its discretion, determines that a claim of ineffectiveness is both meritorious and apparent from the record; and (2)

situations in which a defendant seeks to litigate multiple or prolix claims of ineffectiveness where good cause is shown and the defendant makes a knowing, voluntary, and express waiver of PCRA review. *Id.* at 577-78.

Instantly, the PCRA court entered an order reinstating Bowman's post-sentence and direct appeal rights *nunc pro tunc*, which effectively removed the case from the collateral review stage and restarted the clock on the direct appeal process. Therefore, Bowman's judgment of sentence was no longer final and the court lost jurisdiction to rule on the other claims raised in Bowman's PCRA petition. *See Harris, supra*. Further, Bowman's claims of ineffective assistance do not fall into either of the *Holmes* exceptions. The claims were not developed at the March 29, 2017 hearing. Bowman makes no argument, and we do not conclude, that this case is so extraordinary as to warrant direct review of his ineffectiveness claims under the first *Holmes* exception. Likewise, Bowman has not made an express waiver of PCRA review required under the second *Holmes* exception. Accordingly, we deny relief on Bowman's ineffective assistance of counsel claims without prejudice to his right to pursue them under the PCRA following conclusion of the reinstated direct appeal process.

In his second issue, Bowman argues the trial court improperly applied credit for his presentence period of incarceration to his parole revocation case at Docket No. CP-22-CR-0004001-2008. Bowman asserts that pursuant to **Commonwealth v. Smith**, 853 A.2d 1020 (Pa. Super. 2004), the court

should have applied the credit to his new sentence for simple assault, since his time spent in custody was at least partially the result of the simple assault charge.

"An attack upon the court's failure to give credit for time served is an attack upon the legality of the sentence and cannot be waived." *Commonwealth v. Davis*, 852 A.2d 392, 399 (Pa. Super. 2004), *appeal denied*, 868 A.2d 1197 (Pa. 2005).

> The scope and standard of review applied to determine the legality of a sentence are well established. If no statutory authorization exists for a particular sentence, that sentence is illegal and subject to correction. An illegal sentence must be vacated. In evaluating a trial court's application of a statute, our standard of review is plenary and is limited to determining whether the trial court committed an error of law.

*Commonwealth v. Dixon*, 161 A.3d 949, 951 (Pa. Super. 2017) (quoting *Commonwealth v. Leverette*, 911 A.2d 998, 1001-02 (Pa. Super. 2006)).

The Pennsylvania Sentencing Code governs credit for time served and provides in relevant part:

> **§ 9760. Credit for time served**
>
> After reviewing the information submitted under section 9737 (relating to report of outstanding charges and sentences) the court shall give credit as follows:
>
> (1) Credit against the maximum term and any minimum term shall be given to the defendant for all time spent in custody as a result of the criminal charge for which a prison sentence is imposed or as a result of the conduct on which such a charge is based. Credit shall include credit for time spent in custody prior to trial, during trial, pending sentence, and pending the resolution of an appeal.

\*    \*    \*

(4) If the defendant is arrested on one charge and later prosecuted on another charge growing out of an act or acts that occurred prior to his arrest, credit against the maximum term and any minimum term of any sentence resulting from such prosecution shall be given for all time spent in custody under the former charge that has not been credited against another sentence.

42 Pa.C.S. § 9760(1), (4).

"[W]here an offender is incarcerated on both a Board [of Probation and Parole] detainer and new criminal charges, all time spent in confinement must be credited to either the new sentence or the original sentence." **Martin v. Pennsylvania Bd. of Probation and Parole**, 840 A.2d 299, 309 (Pa. 2003). "[A] defendant is not entitled to receiv[e] credit against more than one sentence for the same time served." **Commonwealth v. Ellsworth**, 97 A.3d 1255, 1257 (Pa. Super. 2014) (citation omitted). "[S]uch 'double credit' is prohibited both by the statutory language of Section 9760 and the principle that a defendant be given credit only for time spent in custody…for a particular offense." **Id.** (citation omitted).

At sentencing, Bowman did not object to the credit for time served being applied to his back time on Case No. CP-22-CR-0004001-2008. Sentencing Transcript, 8/20/2016 at 3. Nevertheless, this issue implicates the legality of Bowman's sentence and cannot be waived. **See Davis, supra**. Therefore, we will proceed to review it.

Following Bowman's arrest for simple assault, a parole detainer was

- 7 -

issued at Docket No. CP-22-CR-0004001-2008, where Bowman had previously been convicted of unauthorized use of automobiles. Bowman failed to satisfy bail for the simple assault charge. Consequently, he remained incarcerated on both the parole detainer and the simple assault charge from March 14, 2016 to August 29, 2016. The trial court presided over both Bowman's sentencing for simple assault and his parole revocation in the original case, which involved a maximum sentence of twenty-three months. **See Commonwealth v. McDermott**, 547 A.2d 1236 (Pa. Super. 1988) (stating court of common pleas retains authority to grant and revoke parole when offender is sentenced to maximum term of imprisonment of less than two years). The trial court credited Bowman's period of presentence incarceration to the remaining backtime in Bowman's parole revocation matter and closed interest in that case. Bowman's balance of backtime exceeded the time he spent in custody awaiting sentencing. Thus, pursuant to **Martin**, all time Bowman spent in custody was "credited to either the new sentence or the original sentence." **Id.** at 309.[7] At this juncture, if the trial court applied credit to Bowman's new sentence for simple assault, he would be the beneficiary of a prohibited "double credit." **See Ellsworth, supra**. Thus,

---

[7] **Smith, supra**, the sole case on which Bowman relies, is distinguishable. In that case, the trial court had apparently failed to apply credit for time served to the defendant's new sentence **or** original sentence (for which the defendant was on probation). Here, Bowman concedes, and the record indicates, that the trial court applied credit in the parole revocation case for the period from March 14, 2016 to August 29, 2016.

Bowman's second issue merits no relief.

In his third issue, Bowman argues the trial court's sentencing decision was motivated by bias, as evidenced by several remarks the trial court judge made at the guilty plea and sentencing hearings. Bowman further contends the court failed to state on the record adequate reasons for the sentence imposed. Bowman's third issue implicates the discretionary aspects of his sentence. *See Commonwealth v. Corley*, 31 A.3d 293 (Pa. Super. 2011) (explaining claim that sentence imposed was motivated by bias challenges discretionary aspects of sentence); *Commonwealth v. Dunphy*, 20 A.3d 1215 (Pa. Super. 2011) (stating allegation that court failed to offer specific reasons for sentence challenges discretionary aspects of sentence).

A challenge to the discretionary aspects of a sentence is not absolute, but rather, "must be considered a petition for permission to appeal." *Commonwealth v. Best*, 120 A.3d 329, 348 (Pa. Super. 2015) (citation and internal citation omitted). To reach the merits of such a claim, this Court must determine:

> (1) whether the appeal is timely; (2) whether [the defendant] preserved [the] issue; (3) whether [the defendant's] brief includes a concise statement of the reasons relied upon for allowance of appeal with respect to the discretionary aspects of sentence; and (4) whether the concise statement raises a substantial question that the sentence is appropriate under the sentencing code.

*Commonwealth v. Edwards*, 71 A.3d 323, 329-30 (Pa. Super. 2013) (citation omitted), *appeal denied*, 81 A.3d 75 (Pa. 2013). "[I]ssues

challenging the discretionary aspects of a sentence must be raised in a post-sentence motion or by presenting the claim to the trial court during the sentencing proceedings.  Absent such efforts, an objection to a discretionary aspect of a sentence is waived." ***Commonwealth v. Cartrette***, 83 A.3d 1030, 1042 (Pa. Super. 2013) (*en banc*).

In the present case, Bowman did not challenge the discretionary aspects of his sentence during the sentencing hearing or in a post-sentence motion filed within ten days after the imposition of sentence.  ***See*** Pa.R.Crim.P. 720 (A)(1).  Further, after the PCRA court reinstated Bowman's post-sentence and direct appeal rights, Bowman also failed to file a post-sentence motion *nunc pro tunc* raising his claims regarding the discretionary aspects of his sentence. Therefore, those claims are waived.  ***See Cartrette, supra***.  Accordingly, we affirm the judgment of sentence.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 3/8/2018