J-S74010-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| KEVIN SOETH | |
| Appellant | No. 3934 EDA 2017 |

Appeal from the PCRA Order November 3, 2017
In the Court of Common Pleas of Delaware County
Criminal Division at No(s): CP-23-CR-3945-2015

BEFORE:  LAZARUS, J., STABILE, J., and Mc LAUGHLIN, J.

MEMORANDUM BY LAZARUS, J.                **FILED DECEMBER 06, 2018**

Kevin Soeth appeals from the order, entered in the Court of Common Pleas of Delaware County, denying his petition filed pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S.A. §§ 9541-9546.  Counsel has filed a motion to withdraw, as well as an **Anders**[1] brief.  Upon careful review, we affirm the PCRA court's order and grant counsel's motion to withdraw.

_____

[1] Counsel filed a petition to withdraw and a brief pursuant to **Anders v. California**, 386 U.S. 738 (1997), apparently in the mistaken belief that an **Anders** brief is proper when counsel seeks to withdraw from representation on appeal from the denial of PCRA relief.  A **Turner**/**Finley** no merit letter is the appropriate filing.  **See Commonwealth v. Turner**, 544 A.2d 927 (Pa. 1988); **Commonwealth v. Finley**, 550 A.2d 213 (Pa. Super. 1988) (*en banc*).  However, because an **Anders** brief provides greater protection to the defendant, we may accept an **Anders** brief in lieu of a **Turner**/**Finley** "no-merit" letter in a collateral appeal.  **Commonwealth v. Fusselman**, 866 A.2d 1109, 1111 n.3 (Pa. Super. 2004).

On January 19, 2016, Soeth entered a negotiated guilty plea to fleeing or attempting to elude an officer.[2]  On February 2, 2016, he was sentenced to a term of 9 to 23 months' incarceration, followed by three years' probation. Soeth did not appeal his judgment of sentence.

On July 25, 2016, Soeth filed a *pro se* PCRA petition, alleging that his plea was involuntary due to the ineffectiveness of plea counsel.  The court appointed counsel, who reviewed the record and submitted a ***Turner*/*Finley*** "no merit" letter to the PCRA court.  On September 1, 2017, the PCRA court issued notice of its intent to dismiss Soeth's petition pursuant to Pa.R.Crim.P. 907.  On November 3, 2017, the court dismissed Soeth's petition, but for reasons not apparent from the record, did not enter an order granting counsel's request to withdraw.

On December 1, 2017, Soeth filed a notice of appeal.  On December 22, 2017, counsel filed a notice of intent to file an ***Anders*** brief pursuant to Pa.R.A.P. 1925(c)(4).

Counsel has filed with this Court an application to withdraw and an ***Anders*** brief.  With regard to withdrawal from PCRA representation, our Supreme Court has stated that independent review of the record by competent counsel is required before withdrawal is permitted.  Such independent review requires proof of:  (1)  a "no-merit" letter by PCRA counsel detailing the nature and extent of his review; (2)  a "no-merit" letter by PCRA counsel listing each

---

[2] 75 Pa.C.S.A. § 3733(a).

issue the petitioner wished to have reviewed; (3) PCRA counsel's explanation, in the "no-merit" letter, as to why the petitioner's issues are meritless; (4) independent review of the record by the PCRA or appellate court; and (5) agreement by the PCRA or appellate court that the petition was meritless. ***Commonwealth v. Pitts***, 981 A.2d 875, 876 n.1 (Pa. 2009); ***Commonwealth v. Rykard***, 55 A.3d 1177, 1184 (Pa. Super. 2012).

In ***Commonwealth v. Friend***, 896 A.2d 607 (Pa. Super. 2006),[3] this Court imposed an additional requirement for counsel seeking to withdraw from collateral proceedings:

> PCRA counsel who seeks to withdraw must contemporaneously serve a copy on the petitioner of counsel's application to withdraw as counsel, and must supply to the petitioner both a copy of the "no-merit" letter and a statement advising the petitioner that, in the event that the court grants the application of counsel to withdraw, he or she has the right to proceed *pro se* or with the assistance of privately retained counsel.

***Id.*** at 614.

Here, counsel has substantially complied with the ***Turner***/***Finley*** and ***Friend*** requirements. Counsel has detailed the nature and extent of his review, served a copy of his petition to withdraw and brief upon Soeth and

---

[3] This Court's holding in ***Friend*** was subsequently overruled on other grounds by the Supreme Court in ***Pitts***. However, the additional requirement that counsel provide copies of the relevant documentation to the petitioner remains intact. ***Commonwealth v. Widgins***, 29 A.3d 816, 818 (Pa. Super. 2011).

informed him of his right to proceed *pro se* or with privately retained counsel,[4] raised Soeth's issue in the form of a brief, and explained why his claim is meritless. We now turn to an independent review of the record to determine whether his claim merits relief.

This Court's standard of review regarding an order dismissing a petition under the PCRA is whether the determination of the PCRA court is supported by evidence of record and is free of legal error. ***Commonwealth v. Burkett***, 5 A.3d 1260, 1267 (Pa. Super. 2010) (citations omitted). In evaluating a PCRA court's decision, our scope of review is limited to the findings of the PCRA court and the evidence of record, viewed in the light most favorable to the prevailing party at the trial level. ***Id.*** The PCRA court's credibility determinations are binding on this Court where the record supports those determinations. ***Widgins***, 29 A.3d at 820.

In his PCRA petition and on appeal, Soeth asserts that his plea was involuntary, as it was based on counsel's faulty advice that he would be paroled at his minimum or good time/earned time date. He claims he did not receive the time credit to which he was entitled and would not have entered his plea had he known he would not receive the credit. He is entitled to no relief.

---

[4] Soeth has not raised any additional issues, either *pro se* or through private counsel.

Soeth's claim asserts the ineffectiveness of plea counsel. "It is well-established that counsel is presumed effective, and to rebut that presumption, the PCRA petitioner must demonstrate that counsel's performance was deficient and that such deficiency prejudiced him." ***Commonwealth v. Koehler***, 36 A.3d 121, 132 (Pa. 2012), citing ***Strickland v. Washington***, 466 U.S. 668, 687–91 (1984). To prove that counsel was ineffective, a petitioner must demonstrate that: (1) the underlying legal issue has arguable merit; (2) counsel's actions lacked an objective reasonable basis; and (3) he was prejudiced by counsel's act or omission. ***Koehler***, 36 A.3d at 132. Failure to prove any prong of this test will defeat an ineffectiveness claim. ***Commonwealth v. Fears***, 86 A.3d 795, 804 (Pa. 2014). In order to invalidate a plea on the basis of ineffectiveness of counsel, a petitioner must plead and prove that the ineffectiveness caused an involuntary or unknowing plea. ***Commonwealth v. D'Collanfield***, 805 A.2d 1244, 1246 (Pa. Super. 2002).

Sentencing credit for time served is governed by section 9760 of the Sentencing Code and provides, in relevant part, as follows:

> (1) Credit against the maximum term and any minimum term shall be given to the defendant for all time spent in custody as a result of the criminal charge for which a prison sentence is imposed or as a result of the conduct on which such a charge is based. Credit shall include credit for time spent in custody prior to trial, during trial, pending sentence, and pending the resolution of an appeal.
>
> . . .

(4) If the defendant is arrested on one charge and later prosecuted on another charge growing out of an act or acts that occurred prior to his arrest, credit against the maximum term and any minimum term of any sentence resulting from such prosecution shall be given for all time spent in custody under the former charge that has not been credited against another sentence.

42 Pa.C.S.A. § 9760(1) and (4). A defendant is not entitled to receive credit against more than one sentence for the same time served. *Commonwealth v. Ellsworth*, 97 A.3d 1255, 1257 (Pa. Super. 2014).

Here, Soeth was incarcerated between April 28, 2015 and May 28, 2015. The 30-day credit attributable to that period of incarceration was applied to a Montgomery County case in which he entered a guilty plea on September 2, 2015. *See* N.T. Guilty Plea, 1/19/16, at 5. On the record at Soeth's guilty plea hearing, counsel for the Commonwealth stated the following:

MR. DOHERTY: Okay, that being said, the first one 3945 of 2015, the Defendant will be entering a Negotiated Plea of Guilty to Information Count #1, Fleeing or [Eluding], it's a Felony of the third degree with a recommended sentence of 9 to 23 months, followed by three years consecutive probation, there is also a mandatory $500 fine. The Defendant's time served is not to include the period of one month that the Defendant pled guilty on a Montgomery County case on September 2nd, 2015, that was – and he was given credit for one month from April the 28th, 2015 to May 28th, 2015, so just so that is not going to be double counted towards his credit on this case or any other case.

*Id.*

Later in the hearing, the trial court colloquied Soeth as follows:

THE COURT: Do you have any questions now of your attorney or this Court?

THE DEFENDANT: Yeah, what was the – I didn't hear what he said with the Terroristic Threats one,[5] what was that deal again?

MR. DOHERTY: It's the same sentence.

THE DEFENDANT: Okay.

THE COURT: Both are the same, both are the same concurrent. Both sentences are the same and they run concurrently, so they run at the same time.

THE DEFENDANT: It's just not going to count for that one month?

THE COURT: Just that one month is not going to count because you've already gotten credit for it from Montgomery County.

THE DEFENDANT: All right.

THE COURT: Right.

THE DEFENDANT: Is there good time on the both of the cases?

THE COURT: That's up to the prison to determine good time and you will, if you deserve good time, they'll give it to you, but I don't determine good time.

*Id.* at 12-13.

Based on the foregoing excerpts from the guilty plea hearing, it is clear that Soeth was aware at the time he entered his plea that he would not receive the 30-day credit for time served on this case and that the correctional institution would determine whether he was entitled to receive good time. "[A] defendant is bound by the statements he makes during his plea colloquy, and may not assert grounds for withdrawing the plea that contradict

---

[5] That same date, Soeth also entered a negotiated guilty plea at a separate docket number to one count of terroristic threats, 18 Pa.C.S.A. § 2706(a), for which the Commonwealth agreed to recommend a sentence of 9 to 23 months, plus three years' probation, to run concurrently to his sentence in the instant matter. That case is currently on appeal before this Court at docket number 3937 EDA of 2017.

statements made when he pled." **Commonwealth v. Kelly**, 5 A.3d 370, 382 n.11 (Pa. Super. 2010).  Soeth's claim that counsel misled him regarding time credit is belied by the record in this matter.  Rather, the record demonstrates that Soeth entered a knowing, intelligent, and voluntary guilty plea. Accordingly, his ineffectiveness claim must fail.  **D'Collanfield**, **supra**.

Order affirmed. Petition to withdraw granted.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 12/6/18