J-S31006-23

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| WILLIAM A. FOSTER | : | |
| | : | |
| Appellant | : | No. 80 EDA 2023 |

Appeal from the PCRA Order Entered December 5, 2022
In the Court of Common Pleas of Monroe County Criminal Division at
No(s):  CP-45-CR-0001551-2018

BEFORE:  OLSON, J., STABILE, J., and McLAUGHLIN, J.

MEMORANDUM BY OLSON, J.:                    **FILED NOVEMBER 1, 2023**

Appellant, William A. Foster, appeals from the December 5, 2022 order entered in the Court of Common Pleas of Monroe County that denied his petition filed pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S.A. §§ 9541-9546.  We affirm.

The record reveals that, at trial court docket number CP-45-CR-0001551-2018 ("1551-CR-2018"), Appellant pled guilty to possession of firearm prohibited.[1]  Guilty Plea and Colloquy, 10/9/19.  On October 8, 2019, Appellant was sentenced at 1551-CR-2018 to 5 to 10 years' incarceration and ordered to pay the costs of prosecution.  Sentencing Order, 10/9/19.  The sentence imposed at 1551-CR-2018 was ordered to run concurrently to the June 11, 2019 sentences previously imposed at trial court

---

[1] 18 Pa.C.S.A. § 6105(a)(1).

dockets CP-45-CR-0002157-2018 ("2157-CR-2018") and CP-45-CR-0002160-2018 ("2160-CR-2018"), as discussed more fully *infra*. *Id.* Furthermore, the trial court ordered the sentence imposed at 1551-CR-2018 to commence on June 11, 2019, the same date on which Appellant was sentenced at 2157-CR-2018 and 2160-CR-2018 and 119 days before the actual October 8, 2019 sentencing date at 1551-CR-2018. *Id.* Appellant did not file a direct appeal and, as such, his sentence at 1551-CR-2018 became final on November 8, 2019. *See* Pa.R.A.P. 903 (stating that, a notice of appeal "shall be filed within 30 days after the entry of the order from which the appeal is taken"); *see also* 42 Pa.C.S.A. § 9545(b)(3) (stating, "[a] judgment becomes final at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of the time for seeking the review").

On September 21, 2019, Appellant filed *pro se* a PCRA petition, asserting, *inter alia*, that his sentence at 1551-CR-2018 was illegal because the trial court failed to award credit for time served after his bail at 1551-CR-2018 was revoked on August 29, 2018. *Pro Se* PCRA Petition, 9/21/19, at 4. On September 25, 2019, counsel was appointed to represent Appellant.

On October 30, 2020, counsel for Appellant filed an amended PCRA petition, asserting, *inter alia*, that trial counsel "was ineffective in not making a valid and critical objection to an illegal sentence at the time of [Appellant's]

sentencing." Amended PCRA Petition, 10/30/20, at ¶7(b). The Commonwealth filed a response to Appellant's amended petition on November 2, 2020.

The PCRA court conducted an evidentiary hearing regarding Appellant's amended petition on February 9, 2021, at the conclusion of which the PCRA court ordered each party to submit a memorandum of law by March 10, 2021. PCRA Court Order, 2/9/21. The Commonwealth submitted its memorandum of law on March 10, 2021, and Appellant submitted a memorandum of law on March 11, 2021, which the PCRA court accepted as having been timely filed. On March 24, 2021, the PCRA court ordered Appellant to file a second amended PCRA petition, having found that "the [first] amended PCRA [petition] is irreconcilable with the relief requested in [Appellant's] memorandum of law."[2] PCRA Court Order, 3/24/21, at ¶10 (extraneous capitalization omitted). Appellant was ordered to file his second amended PCRA petition by April 16, 2021, and the Commonwealth was ordered to file a

_____

[2] In particular, the PCRA court found that

> In the amended PCRA, [Appellant] raised two ineffective assistance of counsel claims. If granted, [the PCRA] court would reinstate [Appellant's] appellate rights, after which [Appellant] could file a post-sentence motion challenging the alleged illegal sentence. In contrast, in [Appellant's] memorandum of law, [Appellant] raise[d] an illegal sentence claim - there is no mention of ineffective assistance of [trial] counsel. Relief for this claim would require the [PCRA] court to vacate the sentencing order.

PCRA Court Order, 3/24/21, at ¶10 (extraneous capitalization omitted).

response by May 7, 2021. *Id.* at 4. On May 7, 2021, the Commonwealth filed a response, stating "[t]o date, [Appellant] has no new filings [to which] the Commonwealth can respond[.]" Commonwealth Response, 5/7/21, at ¶4. On May 19, 2021, Appellant filed a motion requesting an evidentiary hearing, which the PCRA court subsequently granted.

On September 9, 2021, having previously granted several continuances pertaining to the requested evidentiary hearing, the PCRA court appointed new counsel to represent Appellant. On December 7, 2021, the PCRA court continued the evidentiary hearing and ordered Appellant to file his second amended petition no later than January 3, 2022. Appellant filed a second amended petition on January 3, 2022, asserting that trial counsel "was ineffective for not making a valid and critical objection to an illegal sentence at the time of [Appellant's] sentencing[.]" Second Amended PCRA Petition, 1/3/22, at ¶11(b). Appellant argued that he should have received credit for time served toward the sentence imposed at 1551-CR-2018 as of August 29, 2018, which was the date his bail at 1551-CR-2018 was revoked. *Id.*

On April 29, 2022, upon concluding an evidentiary hearing, the PCRA court ordered the parties to file memoranda of law within 30 days of receipt of the hearing transcript. PCRA Court Order, 4/29/22. The Commonwealth filed its memorandum of law on August 18, 2022. Appellant filed his memorandum of law on September 1, 2022. On December 5, 2022, the PCRA court denied Appellant's petition.

On January 4, 2023, Appellant filed a notice of appeal. On January 5, 2023, the PCRA court ordered Appellant to file a concise statement of errors complained of on appeal pursuant to Pennsylvania Rule of Appellate Procedure 1925(b) within 21 days of said order. On February 14, 2023, the PCRA court filed its Rule 1925(a) opinion, stating that Appellant failed to file a Rule 1925(b) statement and, therefore, any issues were waived on appeal. PCRA Court Opinion, 2/14/23. Alternatively, the PCRA court stated that, if Appellant did not waive appellate review, the PCRA court would rely upon the opinion that accompanied its December 5, 2022 order denying Appellant's petition. *Id.*

In his appellate brief, Appellant raises the following issue for our review:

Whether the [PCRA] court erred [or] abused its discretion in denying and dismissing Appellant's [PCRA] petition for ineffective assistance of counsel[ on the grounds that Appellant was] entitled to a time credit on a concurrent sentence on the matter before the court?

Appellant's Brief at 3 (extraneous capitalization omitted).[3]

Preliminarily, we must address whether Appellant waived all issues raised on appeal for failure to file a Rule 1925(b) statement. Our Supreme Court, in *Commonwealth v. Lord*, 719 A.2d 306 (Pa. 1998), set forth a bright-line rule that "[a]ny issues not raised in a [Rule] 1925(b) statement will be deemed waived" when an appellant fails to file a Rule 1925(b)

---

[3] The Commonwealth did not file a brief in this matter.

statement after being ordered to do so by the trial (or PCRA) court. ***Lord***, 719 A.2d at 420; ***see also Commonwealth v. Armolt***, 294 A.3d 364, 379 (Pa. 2023) (affirming the bright-line waiver rule announced in ***Lord***); Pa.R.A.P. 1925(b)(4)(vii) (stating, issues not included in a Rule 1925(b) statement are waived).

Although ***Lord*** announced a bright-line waiver rule, a narrow exception exists when the claim implicates the legality of sentence. ***See Commonwealth v. Gibbs***, 181 A.3d 1165, 1166 (Pa. Super. 2018) (stating, "[a] claim asserting that the trial court failed to award credit for time served implicates the legality of sentence); ***see also Commonwealth v. Williams***, 920 A.2d 887, 888 n.3 (Pa. Super. 2007) (holding that, an illegal sentence claim operates as an exception to the bright-line waiver rule); ***Commonwealth v. Edrington***, 780 A.2d 721, 723 (Pa. Super. 2001) (stating that, a legality of sentence claim cannot be waived for failure to file a Rule 1925(b) statement provided that jurisdiction has, otherwise, been established); ***Armolt***, 294 A.3d at 380 (stating, claims implicating the legality of sentence are nonwaivable).

Here, Appellant's claim that the trial court failed to award credit for time served implicates the legality of his sentence imposed at 1551-CR-2018. ***See Gibbs***, 181 A.3d at 1166. Although Appellant couched his challenge to the legality of his sentence in an ineffective assistance of counsel claim, a legality of sentence claim is cognizable under the PCRA as a stand-alone claim and is always subject to review in a timely PCRA petition. ***See*** 42 Pa.C.S.A.

§ 9543(a)(2)(vii) (stating that, to be eligible for relief, a PCRA petitioner must plead and prove by a preponderance of the evidence that, *inter alia*, the sentence imposed was greater than the lawful maximum); **see also Commonwealth v. Fahy**, 737 A.2d 214, 223 (Pa. 1999) (stating that, a legality of sentence claim is always subject to review within the PCRA, provided the reviewing court has jurisdiction over the matter); **Commonwealth v. Clarke**, 252 A.3d 243, 2021 WL 777769, at *7 n.6, *8 n.7 (Pa. Super. 2021) (unpublished memorandum) (stating that, although the legality of sentence claim was formulated as an ineffective assistance of counsel claim, this Court need only consider the merits of the illegal sentence claim). As such, we proceed to address Appellant's illegal sentence claim.

In addressing Appellant's issue, we are mindful of our well-settled standard and scope of review of an order denying a PCRA petition. Proper appellate review of a PCRA court's dismissal of a petition is limited to an examination of "whether the PCRA court's determination is supported by the record and free of legal error." **Commonwealth v. Miller**, 102 A.3d 988, 992 (Pa. Super. 2014) (citation omitted). "The PCRA court's findings will not be disturbed unless there is no support for the findings in the certified record." **Commonwealth v. Lawson**, 90 A.3d 1, 4 (Pa. Super. 2014) (citations omitted). "This Court grants great deference to the findings of the PCRA court, and we will not disturb those findings merely because the record could support a contrary holding." **Commonwealth v. Hickman**, 799 A.2d 136, 140 (Pa. Super. 2002) (citation omitted). In contrast, we review the PCRA court's

legal conclusions *de novo*. ***Commonwealth v. Henkel***, 90 A.3d 16, 20 (Pa. Super. 2014) (*en banc*), *appeal denied*, 101 A.3d 785 (Pa. 2014).

Here, the PCRA court provided the following summary of Appellant's criminal history relevant to his legality of sentence claim:

### 2271-CR-2016

[The criminal matter filed at trial court docket CP-45-CR-0002271-2016 ("2271-CR-2016")] is only relevant in that [Appellant was found to have violated his parole] on September 20, 2018. [By way of background,] from November 2017[,] until June 5, 2018, [Appellant] was on parole [at] 2271-CR-2016. On June 5, 2018, as a result of the charges [filed against Appellant at] 1551-CR-2018, [the trial court] granted the Commonwealth's motion to violate [Appellant's] parole [at 2271-CR-2016 on September 20, 2018.] Accordingly, [at 2271-CR-2016, the trial court] ordered that [Appellant] be remanded to [the Monroe County correctional facility with] a new [release] date of October 15, 2019.

On August 8, 2018, the [trial] court granted [Appellant's] motion [to resume parole]. However, pursuant to the charges [filed against Appellant at] 2160-CR-2018, [] on September 20, 2018, the [trial] court again revoked [Appellant's] parole [at 2271-CR-2016] and ordered [Appellant] to be remanded to [the county correctional facility].

On November 21, 2018, [the trial] court granted [Appellant's] third motion [to resume parole filed at 2271-CR-2016, and as of December 5, 2022, Appellant's parole at 2271-CR-2016] has not been revoked.

### 2157-CR-2018

On June 1, 2018, the Pocono Township Police filed a criminal complaint against [Appellant at 2157-CR-2018, stemming from his driving under the influence of alcohol or controlled substance ("DUI")] on May 11, 2018. On September 25, 2018, bail was set at $5,000[.00] unsecured.

Subsequently, on October, 25, 2018, [Appellant] was charged [at 2157-CR-2018] with four counts related to the DUI [incident.]

On March 8, 2019, after a jury trial, [Appellant] was found guilty of three [] of [the] four counts [at 2157-CR-2018].

On June 11, 2019, [Appellant] was sentenced to an aggregate period of incarceration [of] not less than [33] months nor more than [84] months, [with the term of incarceration set to run concurrently] to [the sentence] imposed [at] 2160-CR-2018[.]

### 2160-CR-2018

On August 23, 2018, the Pennsylvania State Police filed a [criminal] complaint against [Appellant] for [drug-related offenses at 2160-CR-2018]. Th[at] same day, bail was set at $10,000[.00] monetary, which [Appellant] did not post.

On November 1, 2018, [Appellant] was charged by criminal information with [10] counts [stemming from] the [drug-related] incident[] at 2160-CR-2018.

On April 2, 2019, [Appellant pled] guilty to [one count of a drug-related offense]. In return, the Commonwealth agreed to "*nolle pros* [the] remaining charges. [The parties presented a] joint recommendation of [a] standard range sentence[, and the Commonwealth did not object to Appellant being permitted to participate in the recidivism risk reduction incentive ("RRRI") program,] if qualified."

On June 11, 2019, [Appellant] was sentenced to incarceration for a period of not less than [27] months nor more than [60 months, [with the term of incarceration set to run concurrently] to the sentence imposed at [2157-CR-2018. Further, Appellant received a time credit of 292 days towards the sentence imposed at 2160-CR-2018.]

### 1551-CR-2018

On May 2, 2018, the Pocono Mountain Regional Police filed a criminal complaint against [Appellant at 1551-CR-2018] for unlawfully possessing a stolen firearm and controlled substances that were uncovered during a January 17, 2017 traffic stop. On May 11, 2018, bail was set at $50,000[.00] monetary[,] which [Appellant] posted on May 14, 2018.

On July 23, 2018, [Appellant] was charged by criminal information with nine counts related to the traffic stop[ at] 1551-CR-2018.

On August 29, 2018, as a result of the new charges pending at [2160-CR-2018 and 2157-CR-2018,] the [trial] court revoked [Appellant's] bail [at 1551-CR-2018.]

On September 8, 2019, [Appellant] pled guilty to [one count of possession of a firearm prohibited, a second-degree felony.] In return[,] the Commonwealth agreed to "dismiss [the] remaining charges. [The Commonwealth also a]greed [to a] sentence of [5] to [10] years[' incarceration, with the term of incarceration set] to run concurrent[ly] to [the] sentences [previously imposed] at [2157-CR-2018 and 2160-CR-2018]." The instant plea was a [negotiated] closed[-]plea [agreement] approved by the [trial court.] On October 8, 2019, [the trial court] sentenced [Appellant] to the agreed upon term.

Summary of [Appellant's] Incarceration for the Years 2017-2020

Prior to August 23, 2018, [Appellant] was not incarcerated [because he] posted bail [at 1551-CR-2018 on May 14, 2018,] and [resumed parole at 2271-CR-2016 on August 8, 2018.] On August 23, 2018, [Appellant] was arrested [at 2160-CR-2018,] and the Commonwealth moved to revoke [the] bail [at 1551-CR-2018. Appellant's] bail at 1551-CR-2018 was revoked on August 29, 2018. [As a result of the criminal charges filed at 2160-CR-2018, Appellant's] parole [at 2271-CR-2016] was violated on September 20, 2018.

On November 21, 2018, [Appellant resumed parole at 2271-CR-2016] after [serving] 90 days of incarceration. [Appellant] remained on parole [at 2271-CR-2016] until his maximum date of October 15, 2019. However, [Appellant] was incarcerated for the duration of [his] parole [at 2271-CR-2016.]

On June 11, 2019, [Appellant] was sentenced [at 2157-CR-2018 and 2160-CR-2018], at which point he had been continuously incarcerated for 292 days.[4] [The concurrent nature of the]

_____

[4] At 2160-CR-2018, Appellant was arrested on August 23, 2018, and did not post bail. Appellant remained incarcerated at 2160-CR-2018 until his sentencing on June 11, 2019, which was a period of 292 days. The trial court credited Appellant's sentence at 2160-CR-2018 with 292 days for time served. The PCRA court explained that the bail set at 2157-CR-2018 on September 25, 2018, was unsecured and, as such, none of Appellant's 292 days of

sentences [imposed at 2157-CR-2018 and 2160-CR-2018] resulted in [an aggregate term] of incarceration [of 33] months [to 84] months. [Appellant] received a [] credit for time served of 292 days [at 2160-CR-2018].

On October [8], 2019, [the trial court] sentenced [Appellant at 1551-CR-2018. At this] point [Appellant] had been continuously incarcerated for 411 days[ (August 23, 2018, to October 8, 2019). The trial court] sentenced [Appellant at 1551-CR-2018] to [a term of] incarceration [of] 60 to 120 months[, which was set to run] concurrently to [the sentences] imposed [at 2157-CR-2018 and 2160-CR-2018.] By commencing [the sentence imposed at 1551-CR-2018] on June 11, 2019, [the trial court] credited [Appellant] with time served of 119 days [(June 11, 2019, to October 8, 2019)].

In total, Defendant received a time credit of 411 days [(August 23, 2018, to October 8, 2019)].

PCRA Court Opinion, 12/5/22, at 1-5 (extraneous capitalization, original brackets, and certain footnotes omitted).

In addressing the merits of Appellant's illegal sentence claim, the PCRA court held that Appellant "is ineligible to receive an additional 292[-]day time credit against his sentence [imposed at 1551-CR-2018] as the [trial c]ourt applied the same to [the] sentence [imposed at 2160-CR-2018]." PCRA Court Opinion, 12/5/22, at 12. The PCRA court explained,

> [Appellant] received a 292-day time credit against the sentence[] imposed [at 2160-CR-2018. Appellant] also received a 119[-]day time credit against the sentence imposed [at 1551-CR-2018]. In total, [Appellant] was credited with 411 days of time served, accounting for each day he was incarcerated prior to the final sentencing date.

_____

incarceration 9August 23, 2018, to June 11, 2019) was attributable to the criminal charges filed at 2157-CR-2018. PCRA Court Opinion, 12/5/22, at 4 n.5.

> Therefore, [Appellant] received the time credit to which he
> was entitled.

***Id.*** at 11.

Section 9760 of the Sentencing Code governing how a trial court applies credit for time served states, in pertinent part,

> Credit against the maximum term and any minimum term shall be given to the defendant for all time spent in custody as a result of the criminal charge for which a prison sentence is imposed or as a result of the conduct on which such a charge is based. Credit shall include credit for time spent in custody prior to trial, during trial, pending sentence, and pending the resolution of an appeal.

42 Pa.C.S.A. § 9760(1). This Court has held that "a defendant shall be given credit for any days spent in custody prior to the imposition of sentence, but only if such commitment is on the offense for which sentence is imposed. Credit is not given, however, for a commitment by reason of a separate and distinct offense." ***Commonwealth v. Richard***, 150 A.3d 504, 520-521 (Pa. Super. 2016) (original quotation marks omitted), *citing* ***Commonwealth v. Clark***, 885 A.2d 1030, 1034 (Pa. Super. 2005). "While in cases involving a multitude of offenses occurring in quick succession determining which sentences a defendant is entitled to credit for presentence detainment becomes more difficult, the general rule regarding the inquiry seems simple enough - a defendant is entitled to credit **only once** for presentence detainment." ***Commonwealth v. Davis***, 852 A.2d 392, 400 (Pa. Super. 2004) (emphasis added; citation omitted), *appeal denied*, 686 A.2d 1197 (Pa. 2005); *see also* ***Commonwealth v. Ellsworth***, 97 A.3d 1255, 1257

(Pa. Super. 2014) (stating, "a defendant is not entitled to receive credit against more than one sentence for the same time served", *i.e.*, double credit).

In the case *sub judice*, on June 1, 2018, a criminal complaint was filed against Appellant at 2157-CR-2018, setting forth criminal charges stemming from a DUI-related incident. Appellant was not taken into police custody as a result of these charges. While the criminal charges were pending at 2157-CR-2018, Appellant was incarcerated on August 23, 2018, due to criminal charges filed against him at 2160-CR-2018 for, *inter alia*, possession of a controlled substance. Appellant was unable to post bail at 2160-CR-2018, which was set at $10,000.00 monetary. As such, Appellant remained incarcerated due to the criminal charges filed at 2160-CR-2018.

While Appellant remained incarcerated for pending charges filed at 2160-CR-2018, the trial court, on August 29, 2018, revoked Appellant's bail at 1551-CR-2018 due to the charges that were filed against Appellant at 2160-CR-2018 and 2157-CR-2018. On September 25, 2018, the trial court set bail at 2157-CR-2018 in the amount of $5,000.00 – unsecured.

On March 8, 2019, a jury found Appellant guilty at 2157-CR-2018 of three offenses stemming from his DUI-related incident. On April 2, 2019, Appellant pled guilty to 1 count of a drug-related offense at 2160-CR-2018. On June 11, 2019, the trial court sentenced Appellant at 2157-CR-2018 to a term of 27 to 60 months' incarceration. That same day, the trial court sentenced Appellant at 2160-CR-2018 to a term of 33 to 84 months'

incarceration. The sentence imposed at 2157-CR-2018 was set to run concurrently to the sentence imposed at 2160-CR-2018. At 2160-CR-2018, Appellant was awarded credit for time served of 292 days (August 23, 2018, to June 11, 2019).

On September 8, 2019, Appellant pled guilty at 1551-CR-2018 to possession of a firearm prohibited. On October 8, 2019, the trial court, in accordance with a negotiated closed plea agreement, sentenced Appellant to 5 to 10 years' incarceration with the sentence set to run concurrently to the sentences imposed at 2157-CR-2018 and 2160-CR-2018. The trial court also ordered the sentence at 1551-CR-2018 to commence on June 11, 2019. In other words, the trial court "back dated" the commencement date of the sentence imposed at 1551-CR-2018, which effectively reduced Appellant's sentence of 5 to 10 years' incarceration by 119 days (June 11, 2019, to October 8, 2019).[5]

Upon review, we discern no error or abuse of discretion in the PCRA court's order denying Appellant's petition asserting a challenge to the legality

---

[5] Pennsylvania Rule of Criminal Procedure 705(B) states,

> When more than one sentence is imposed at the same time on a defendant, or when a sentence is imposed on a defendant who is sentenced for another offense, the [trial court] shall state whether the sentences shall run concurrently or consecutively. **If the sentence is to run concurrently, the sentence shall commence from the date of imposition unless otherwise ordered by the [trial court].**

Pa.R.Crim.P. 705(B) (emphasis added).

of his sentence imposed at 1551-CR-2018. Appellant was continuously incarcerated for 411 days, from August 23, 2018, to October 8, 2019. Appellant was awarded 292 days credit for time served towards the sentence imposed at 2160-CR-2018 because the time served was the result of the criminal charges filed against Appellant at 2160-CR-2018 on August 23, 2018, for which he was unable to post bail and remained incarcerated until his sentencing on June 11, 2019. Appellant then received 119 days credit against the sentence imposed at 1551-CR-2018 when the trial court "back dated" the commencement of his sentence at 1551-CR-2018 to June 11, 2019. As such, Appellant received credit for all 411 days (292 days + 119 days) of pre-resolution incarceration. Appellant was not entitled to a "double credit" by having the 292-days of time served (August 23, 2018, to June 11, 2019) credited toward the sentence imposed at 1551-CR-2018. *See Ellsworth*, 97 A.3d at 1257. Therefore, Appellant's legality of sentence claim is without merit.

Order affirmed.

Judgment Entered.

_Benjamin D. Kohler_

Benjamin D. Kohler, Esq.
Prothonotary

Date: 11/01/2023

- 15 -